**John E. SULLIVAN, Plaintiff,**

v.

**The UNITED STATES of America and American Postal Workers Union, Defendants.**

**No. 76–C–263.**

United States District Court, E. D. Wisconsin.

Feb. 8, 1977.

Eisenberg, Kletzke & Eisenberg by Sydney M. Eisenberg, Milwaukee, Wis., for plaintiff.

Anthony F. Cafferky, Washington, D. C., for American Postal Workers Union; Mark G. Lipscomb, Jr., Milwaukee, Wis., of counsel.

William J. Mulligan, U. S. Atty. by Stephen E. Kravit, Asst. U. S. Atty., Milwaukee, Wis., for defendant United States.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved for dismissal. The motion of the American Postal Workers Union is based on an alleged failure to state a claim against it, and the United States' motion is based on the same ground plus its contention that there is a lack of subject matter jurisdiction. I conclude that the defendants' motions must be granted.

In his complaint, Mr. Sullivan charges that the defendants discriminated against him in his employment as a mechanic. The complaint itemizes some fifteen items of alleged harassment and discrimination, which the plaintiff charges caused him to lose his job and to suffer other damages.

The American Postal Workers Union has moved to dismiss the complaint on the ground that it fails to state a claim upon which relief may be granted. It supports this motion with a memorandum brief which asserts that the American Postal Workers Union:

"... is a separate autonomous labor organization certified by the National Labor Relations Board to represent the employees of the Postal Service. It is not an agency, arm, employee, or agent of the United States Government and, therefore, this statute has no application to its acts or the acts of its members."

No authority is asserted for this contention. With an equal lack of authority, the plaintiff argues in his brief that the union is a "federal agency".

The allegations of the complaint must be both liberally construed and accepted as true for the purpose of this mo-

tion. Reviewing that pleading with these standards in mind, I find that it nowhere suggests that the defendant union is any part of the United States government. On the contrary, paragraph 3 of the complaint asserts that ". . . the American Postal Workers Union is an organized labor union duly created under the laws of the United States. . . ."

■ Because the provisions of 28 U.S.C. § 1346 relate to suits against the United States, of which the union is not a part, I conclude that the defendant union's motion to dismiss this action against it must be granted.

■ The motion of the defendant United States is bottomed on its contention that Mr. Sullivan's "exclusive remedy in this matter is with the Office of Workers' Compensation Programs." Section 1005(c) of 39 U.S.C. provides that remedies for certain injuries are available exclusively under 5 U.S.C. § 8101, which relates to compensation for federal employees for work-connected injuries. I believe the position of the United States is incorrect. The type of injuries covered in 5 U.S.C. § 8101(5) includes injury by accident and disease; it does not appear to include such claims as are presented here for discrimination, mental distress, or loss of employment. The argument advanced by the defendant United States therefore does not entitle it to dismissal of this action.

However, I find for different reasons that the complaint must be dismissed against this defendant for lack of subject matter jurisdiction. Rule 12(h)(3), Federal Rules of Civil Procedure, directs a court to dismiss an action in the absence of jurisdiction over the subject matter. That rule provides:

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

■ The plaintiff has brought this action under 28 U.S.C. § 1346. That statute must be read in connection with 28 U.S.C. § 2675(a), providing in part:

"2675. Disposition by federal agency as prerequisite; evidence—(a) An action *shall not be instituted* upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." (emphasis supplied).

■ Insofar as the plaintiff's claims may be cognizable under § 1346, they may not now be raised or considered in this court if he has failed to comply with the exhaustion requirement detailed in § 2675, above. Since Mr. Sullivan has not alleged that his claims have been presented to any agency, this court lacks subject matter jurisdiction over any of the claims to which § 1346 may apply.

The provisions of 42 U.S.C. § 2000e–16 proscribe discrimination in hiring and personal actions affecting certain federal employees, including those in the United States postal service. One section of that statute has been construed to *require* that an aggrieved employee or job applicant institute designated agency action before a federal district court may assume jurisdiction over his claims. 42 U.S.C. § 2000e–16(c); *Jordan v. United States*, 522 F.2d 1128, 1129 (8th Cir. 1975).

Insofar as the plaintiff's claims may be cognizable under § 2000e–16, they may not now be raised or considered in this court because he has failed to allege or demonstrate compliance with the exhaustion requirement described in § 2000e–16(c).

Accordingly, I conclude that this court lacks subject matter jurisdiction of the

**82**

claims advanced against the defendant United States, and I will dismiss those claims without prejudice.

Therefore, IT IS ORDERED that the motion of the defendant American Postal Workers Union to dismiss this action for failure to state a claim against it on which relief can be granted be and hereby is granted.

IT IS ALSO ORDERED that the motion of the defendant United States of America to dismiss this action against it for lack of subject matter jurisdiction be and hereby is granted.

IT IS FURTHER ORDERED that this action be and hereby is dismissed against the defendant American Postal Workers Union.

IT IS FURTHER ORDERED that this action be and hereby is dismissed without prejudice against the defendant United States of America.