Jocelyn E. MASON, Appellant,

v.

**DISTRICT OF COLUMBIA et al., Appellees.**

No. 13181.

District of Columbia Court of Appeals.

Argued Sept. 27, 1978.

Decided Nov. 28, 1978.

Robert H. Levan, Columbia, Md., for appellant.

Margaret L. Hines, Asst. Corp. Counsel, Washington, D. C., with whom Louis P. Robbins, Acting Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for appellees.

Before KERN, GALLAGHER and MACK, Associate Judges.

KERN, Associate Judge:

This is an appeal from an order of the trial court granting the motion of appellee District of Columbia to dismiss the complaint filed by appellant. Appellant, an employee of the District of Columbia, sued the District, its Chief of Police, and Dennis M. West, a District of Columbia police officer, for assault and battery, false arrest and false imprisonment based on an incident involving Officer West in the vicinity of the Hine Recreation Center on July 16, 1976. The District of Columbia moved for dismissal on the ground that appellant, as a District employee, should have proceeded under the Federal Employees Compensation Act, 5 U.S.C. § 8101 *et seq.* (1970) (hereinafter FECA), since that was her exclusive remedy at law for the damages she suffered. Since appellant failed to exhaust her administrative remedies under FECA, appellees argued that the court lacked subject matter jurisdiction over her action. The trial court agreed and granted the mo-

tion to dismiss, attaching to its order a Super.Ct.Civ.R. 54(b) certification.[1]

According to appellant, she was on duty at Hine Recreation Center on July 16, 1976, when she decided to leave her place of employment and cross the street to mail a letter. During her walk, appellant claims that she heard Officer West speak abusively and discourteously to a child whom appellant knew frequented the playground. Appellant approached the officer and requested that he state his name and badge number so that she could report his misconduct to his superior. Appellant alleges that Officer West refused and proceeded to accost her and arrest her without cause. He then handcuffed her and transported her to the police station where she was searched, held in an interrogation room and locked in a cell until she posted bond. The District of Columbia ultimately dropped its criminal charge against appellant.

There is only one issue presented to us on appeal, *to wit,* whether the trial court erred in granting the motion to dismiss the complaint on the ground that appellant failed to obtain a determination from the Secretary of Labor as to the coverage of her case by FECA. Appellant argues that she was not required even to request that determination because FECA did not apply for two reasons. First, she claims the term "injury" as used in FECA does not contemplate the mental suffering and anguish she alleged as her sole injury in this case; she also points out that she could not possibly recover under FECA because her injury did not result in any disability, total or partial. Secondly, appellant contends that the inci-

dent giving rise to her suit was not within the scope of her employment as is required by FECA. Since FECA did not apply, appellant maintains, there was no substantial question regarding her coverage by FECA for the Secretary of Labor to resolve and hence a petition to the Secretary was unnecessary.

I

Federal Employees Compensation Act

 Before addressing ourselves to the merits of these assertions, we first review the terms of FECA, its purpose and the scheme for its implementation so as to understand the statutory context in which appellant's claim arose. The Federal Employees Compensation Act, 5 U.S.C. § 8101 *et seq.* (1970), establishes under the Secretary of Labor a program of workmen's compensation for government employees injured in work-related accidents. *Reep v. United States,* 557 F.2d 204, 207 (9th Cir. 1977). FECA provides that

[t]he United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . . [5 U.S.C. § 8102(a).][2]

Generally speaking, workmen's compensation statutes are intended to provide injured workers with a quicker and more certain recovery than could be obtained from tort suits based on common law theories. *United States v. Demko,* 385 U.S. 149, 151, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966); *Reep v. United States, supra* at 207.[3]

1. Super.Ct.Civ.R. 54(b) states in pertinent part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an *express determination* that there is no just reason for delay and upon an express direction for the entry of judgment.

Hence, the trial court entered judgment in favor of defendant District of Columbia (R. 85).

2. "Employee" is defined to include an employee of the District of Columbia government. 5 U.S.C. § 8101(1)(D) (Supp. IV 1974) (amending 5 U.S.C. § 8101 (1970)).

3. In enacting FECA in 1916, Congress noted the advantage of a federal workmen's compensation act, stating:

Many of the States of this Union have such compensation laws which are working with most excellent results, and now it is proposed that the United States shall have a compensation law for the protection of all its em-

■ FECA also provides that:

[T]he liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee. [5 U.S.C. § 8116(c) (1970).]

This exclusivity provision was enacted in 1949 to avoid multiple recoveries by injured employees and excessive costs to the United States due to the passage of several acts such as the Federal Tort Claims Act waiving sovereign immunity of the United States in certain damage actions. *Reep v. United States, supra* at 207; *Galimi v. United States,* 514 F.2d 949, 952–53 (2d Cir. 1975). Thus, an employee who, in the scope of employment, suffers an injury resulting in death or disability is limited to the remedies under FECA.

■ For consistency of interpretation and policy in the implementation of FECA, the Secretary of Labor "administer[s], and decide[s] all questions arising under" FECA and his determinations are final and non-reviewable. 5 U.S.C. §§ 8145 and 8128(b) (1970); *Reep v. United States, supra* at 207; *Bailey v. United States, Through Department of Army,* 451 F.2d 963, 965 (5th Cir. 1971); *Daniels-Lumley v. United States,* 113 U.S.App.D.C. 162, 163, 306 F.2d 769, 770 (1962); *Somma v. United States,* 283 F.2d 149, 151 (3d Cir. 1960).

■ Because FECA is an exclusive remedy when it is applicable, an injured federal employee or, as in this case, an employee of the District of Columbia government may not bring a non-FECA action against the respective sovereign if there is a substantial question that his injuries are covered by FECA. Before an action in court may be brought, the employee must first seek and be denied relief by the Secretary of Labor. *Reep v. United States, supra; Bailey v.*

ployees, and thus give relief from the cumbrous and inefficient system of presenting private claims to Congress for its action, often delayed and many times insufficient, and to give its sanction to [the principle of providing federal employees protection against possible

*United States, Through Department of Army, supra.* If, however, there is no substantial question as to FECA coverage, the injured employee may commence his action in court without proceeding first to the Secretary. *Reep v. United States, supra; Joyce v. United States,* 474 F.2d 215, 219 (3d Cir. 1973); *Bailey v. United States, Through Department of Army, supra; Walker v. United States,* 322 F.Supp. 769, 771 (D.Alaska 1971). In the instant case, therefore, appellant was only justified in proceeding directly to the trial court if there was no substantial question regarding the applicability of FECA and so we now direct our attention to that issue.

## II

### Application of FECA to Claim of Appellant

■ Appellant argues that the trial court erred in dismissing her suit against appellees because of her failure to obtain a determination as to her coverage by FECA from the Secretary of Labor. She contends that in several respects her case clearly falls outside the purview of FECA so that there exists no substantial question of FECA coverage for the Secretary to address. For that reason, she argues, it was proper to bring her action against appellees without initially obtaining a ruling from the Secretary that FECA did not cover her case. *Reep v. United States, supra.*

We first address appellant's contention that FECA is inapplicable because the kind of injury for which she seeks redress is not contemplated by FECA. Her claim of damages in her complaint is based on the "mental suffering," "humiliation" and "embarrassment" caused by the officer's alleged unlawful arrest and false imprisonment of her. Appellant maintains that damages of this character, as a matter of law, are not "injuries" as used in FECA.[4]

work-related injuries]. [H.R.Rep.No.678, 64th Cong., 1st Sess. 7–8 .(1916).]

4. Under FECA the term "injury" . . . includes, in addition to injury by accident, a disease proximately caused by the employment, and damage to or destruction of

On the question of whether the FECA covers mere mental distress, the statute itself provides little guidance. *See* 5 U.S.C. § 8101(5) (Supp. IV 1974) (amending 5 U.S.C. § 8101 (1970)). Nor is the legislative history of the Act instructive. Our survey of the cases arising under FECA has revealed only one federal case which has addressed this question of interpretation— *Sullivan v. United States*, 428 F.Supp. 79 (E.D.Wis.1977). In *Sullivan*, the plaintiff sued the United States and the American Postal Workers Union under 28 U.S.C. § 1346 (1970) for damages resulting from various acts of harassment and discrimination engaged in by defendants which caused him to lose his job as well as suffer other unstated hardship. The United States moved to dismiss the action against it for lack of subject matter jurisdiction. It contended that FECA was plaintiff's only remedy for those types of work-related injuries to federal employees. The court granted the motion to dismiss but expressly rejected that particular construction of the statute. The court stated:

> I believe the position of the United States is incorrect. The type of injuries covered in 5 U.S.C. § 8101(5) includes injury by accident and disease; it does not appear to include such claims as are presented here for discrimination, mental distress, or loss of employment. The argument advanced by the defendant United States therefore does not entitle it to dismissal of this action. [428 F.Supp. at 81.]

*Sullivan*, in our view, is persuasive that the "humiliation" and "embarrassment" claimed by appellant to have caused "mental suffering" in the instant case would not be within the ambit of FECA and hence she could not recover these damages under FECA. Accordingly, there is no substantial question to be resolved on the coverage of FECA in the instant case since FECA is plainly inapplicable here.

Appellee cites three cases involving state workmen's compensation statutes where the basis of the claim was a nonphysical injury. These decisions are inapposite. Aside from the fact that they are state cases dealing with state statutes somewhat different from FECA, they involve injuries which although nonphysical like the appellant's differ markedly from hers in degree. In each case cited, the claimant suffered psychological conditions so severe as to partially or totally disable the claimant from performing his job. *Pathfinder Company v. Industrial Commission*, 62 Ill.2d 556, 343 N.E.2d 913 (1976) (severe emotional shock caused a nervous condition and headaches as well as a temporary total disability); *Simon v. R.H.H. Steel Laundry, Inc.*, 25 N.J.Super. 50, 95 A.2d 446 (Hudson County Ct.1953) (viewing explosion of steampipe caused severe nervous condition resulting in 65% disability); *Kalikoff v. John Lucas & Co.*, 271 App.Div. 942, 67 N.Y.S.2d 153 (1947) (cat bite caused psycho-neurosis and disability).[5]

There is another reason why the statute cannot apply here. FECA expressly provides compensation to federal and District of Columbia employees injured in the scope of their employment only when "disability or death" has resulted from their injuries.

medical braces, artificial limbs, and other prosthetic devices which shall be replaced or repaired, and such time lost while such device or appliance is being replaced or repaired; except that eyeglasses and hearing aids would not be replaced, repaired, or otherwise compensated for, unless the damages or destruction is incident to a personal injury requiring medical services . . .. [5 U.S.C. § 8101 (Supp. IV 1974) (amending 5 U.S.C. § 8101 (1970)).]

5. We are aware of the many decisions of the Employees' Compensation Appeals Board granting compensation to claimants asserting various kinds of mental injury causally related to their employment. The injuries asserted by those claimants, however, were not the general mental distress claimed here but were particular and medically definable mental and emotional illnesses and conditions. *See, e. g.,* Raymond H. Schultz, Jr., 23 Empl.Comp.App.Bd. (mental breakdown); Anna M. Heilemann, 18 Empl.Comp.App.Bd. 480 (1967) (neurosis); Arthur Jones, 16 Empl.Comp.App.Bd. 458 (1965) (nervous condition). Since appellant does not contend that she suffered any mental illness or emotional disorder, serious or incidental, as a result of her arrest, these cases further support the view that her claim is beyond the scope of FECA.

5 U.S.C. § 8102(a) (1970). The complaint of appellant does not allege any disability, total or partial, nor does it allege anything from which a disability on her part might be inferred. From this we must assume that appellant does not assert that her injury is disabling and also conclude for that reason that FECA on its face does not apply to appellant's complaint.

*Reversed.*[6]

6. Appellant's alternative contention that the facts stated in the complaint clearly show that she sustained her injury outside the scope of her employment and consequently was beyond the coverage of FECA need not be decided in light of our decision.