Ashok K. AVASTHI, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 77–2687.

United States Court of Appeals, Fifth Circuit.

Dec. 27, 1979.

Beverly B. Bates, Michael Kessler, Atlanta, Ga., for plaintiff-appellant.

William L. Harper, U. S. Atty., Atlanta, Ga., Leonard Schaitman, Paul Blankenstein, Barbara A. Babcock, Asst. Attys. Gen., Dept. of Justice, Washington, D. C., App. Sec., for defendant-appellee.

Before TUTTLE, VANCE, and KRAVITCH, Circuit Judges.

VANCE, Circuit Judge:

Ashok K. Avasthi sued the United States for personal injuries under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (FTCA). The government answered that the claim was barred because Avasthi's exclusive remedy is the Federal Employees Compensation Act, 5 U.S.C. § 8108 *et seq.* (FECA). FECA applies to injuries sustained "while in the performance of [an employee's] duty." *Id.* § 8102(a). Following a bench trial on the merits, the district court dismissed the action for lack of jurisdiction.

The issues in this case bring it squarely within the reasoning of *Bailey v. United States*, 451 F.2d 963 (5th Cir. 1971). There we followed the third circuit in holding that an injured employee may not bring an action against the United States under FTCA when there is a "substantial question as to whether or not the injury occurred in the performance of the employee's duty." *Id.* at 965. The employee must first seek and be denied relief under FECA unless his injuries do not present any substantial question of compensability under that act. *Somma v. United States*, 283 F.2d 149, 150–51 (3d Cir. 1960). The policy behind FECA is similar to that of state workmen's compensation laws, which is to provide injured employees with more immediate and less expensive relief than a common law tort action. *United States v. Demko*, 385 U.S. 149, 151, 87 S.Ct. 282, 17 L.Ed.2d 258 (1966). The remedy provided by FECA, like that of most comparable statutes, is exclusive of any other remedy including FTCA. 5 U.S.C. § 8116(c).

Avasthi wants no part of FECA. He has not applied for compensation and does not now seek it.[1] He insists that he was seriously injured and incurred permanent partial disability as the proximate consequence of defendant's negligence. He

---

1. Avasthi's supervisor routinely filed an application for FECA benefits on Avasthi's behalf. Certain medical expenses which were incurred for Avasthi's treatment have consequently been paid from FECA funds. Our result was reached independent of any consideration as to the effect, if any, that such payments may have on an FTCA claim.

reasons that under FTCA he is entitled to damages that greatly exceed any potential award of FECA benefits.

Avasthi's argument based on the comparative statutory benefits is irrelevant to the question controlling his claim. We are required to determine which of two mutually exclusive statutes applies to this claim. This determination must rest on the statutory language and congressional purpose. Its effect will extend to other employees injured under similar circumstances, regardless of the sympathetic appeal of their causes or their preferences for one statute. The central question is whether there was at least a substantial question that Avasthi's injury occurred "in the performance of his duty." 5 U.S.C. § 8102(a).

Avasthi was employed by the Federal Aviation Administration as an air traffic controller trainee at FAA's Air Traffic Control Center in Hampton, Georgia. He was injured when he slipped and fell at the Center building on outside steps while walking to his automobile. His accident occurred at the end of his assigned work shift at 11:42 P.M. on January 12, 1975. The Center building is separated from the parking lot by a walkway, an access drive, and then two short flights of steps.[2] The parking lot is a private Center lot for employees and persons having business there. The parking lot and Center building are surrounded by a chain link fence of eight feet height with barbed wire on top, and the lot has a guard at the gate at all times. Avasthi's path down the outside stairs where his injury occurred was the only available route to his automobile in the Center parking lot.

The government urges here as in *Bailey* that we adopt an application of the so-called "premises rule" that would automatically extend FECA coverage to federal employees going to and from work and while on federal property. The argument is futile. We are bound by the *Bailey* court's rejection of that absolute rule. 451 F.2d at 966–67. *Bailey* instead commits us to follow the tenth circuit's approach in *United States v. Browning*, 359 F.2d 937 (10th Cir. 1966), which requires consideration of a number of factors, including the premises rule, in deciding whether an injury is compensable, *id.* at 940. *Bailey v. United States*, 451 F.2d at 966. Seizing on a concept articulated in *O'Leary v. Brown-Pacific-Maxon, Inc.*, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951), this court held that, although Mrs. Bailey was still on government property when injured, she was not within the "zone of special danger" incident to her employment, *id.* at 507, 71 S.Ct. 470, and thus was not within FECA coverage. *Bailey v. United States*, 451 F.2d at 967.

The facts in *Bailey*, however, are markedly different from those now before us. Mrs. Bailey had driven away from her job site in her private automobile and was injured at a traffic light after she had driven more than a block down the main street of Fort Polk, a public street open to all persons authorized to be on the base. The court noted that she was not involved in any activity connected with her work and was not subject to her employer's supervision. It regarded the government's ownership of the street as a mere "fortuitous circumstance." *Id.*

Avasthi was in a significantly different posture while entering and leaving his place of duty. He was clearly within whatever "zone of special danger" the conditions of his employment created while he was descending steps that were part of the Center facility and had to be used to reach the Center's parking lot. His injury would appear to be compensable under FECA.

It is not necessary, however, for us to reach an ultimate determination of the government's FECA liability. It is sufficient that a substantial question exists about FECA coverage. Resolution of the coverage question has been entrusted to the Secretary of Labor. 5 U.S.C. § 8128(b).

2. Plaintiff asserts that prior to the time his fall occurred, the light at the steps had been out for three or four weeks.

Such a question clearly exists in the case before us. We therefore conclude that the district court must be affirmed.

AFFIRMED.