Hollis Dale **GRIFFIN**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 82–2373.

United States Court of Appeals,
Eighth Circuit.

Submitted March 29, 1983.

Decided April 1, 1983.

George S. Murray, III, Charles C. Shafer, Jr., A Professional Corp., Kansas City, Mo., for appellant.

Robert G. Ulrich, U.S. Atty., Mark J. Zimmermann, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

Hollis Griffin sued the United States to recover damages incurred as a result of a back injury he allegedly received while employed by the United States Postal Service. Griffin brought suit pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. The district court[1] dismissed on the grounds that Griffin's sole remedy is the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101 et seq. Griffin v. United States, No. 82–3145–CV–S–2 (W.D.Mo. Sept. 8, 1982) (order). We affirm.

The FECA explicitly provides that it is the exclusive remedy for a federal employee injured on the job. 5 U.S.C. § 8116(c).[2] Griffin admits that his injury occurred when he was at work. However, he argues that because the FECA does not compen-

---

1. The Honorable William R. Collinson, United States Senior District Judge for the Western District of Missouri.

2. 5 U.S.C. § 8116(c) reads as follows:

(c) The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, depend-

ents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or a member of a crew of a vessel.

sate employees for back injuries, 5 U.S.C. § 8101(19), he should be able to recover under the FTCA. Griffin cites *Reep v. United States,* 557 F.2d 204 (9th Cir.1977), in support of his argument.

In *Reep,* the plaintiff, a federal employee working on a military base, was struck by a truck driven by an enlisted serviceman. The accident occurred on the base, some thirty-five minutes before the plaintiff was to report to work. The plaintiff sued under the FTCA, but the district court dismissed on the grounds that the FECA was his sole remedy. The Ninth Circuit affirmed, noting that "[a]n injured federal employee may not bring an action under the FTCA if there is a substantial question as to whether his injuries are covered under FECA.... [I]f there is no substantial question as to FECA coverage, the injured employee may commence an action under the FTCA." *Id.* at 207.

Griffin claims that because there is no question that his back injury is not covered by the FECA, he may sue under the FTCA pursuant to *Reep.*

 Griffin misconstrues the problem *Reep* addressed. In *Reep,* and in a number of other cases applying or discussing a similar "exception," the issue was whether the injury had occurred while the employee was on the job. *Reep v. United States,* 557 F.2d at 207; *see Wallace v. United States,* 669 F.2d 947 (4th Cir.1982); *Hudiburgh v. United States,* 626 F.2d 813 (10th Cir.1980); *Avasthi v. United States,* 608 F.2d 1059 (5th Cir.1979). The FECA only applies to a federal employee injured on the job. If the injury occurs when the employee is *not* on the job, then the FECA is not the exclusive

remedy—or even the appropriate remedy. *Cf. Wallace v. United States,* 669 F.2d at 954 (when the injury had nothing to do with employment, compensation is unavailable under the FECA). But if the personal injury did occur on the job—as concededly Griffin's did—then FECA is the exclusive remedy. 5 U.S.C. §§ 8102(a), 8116(c). That the FECA does not compensate an employee with Griffin's particular injury is a question of scope of coverage, not coverage in and of itself.[3] *Avasthi v. United States,* 608 F.2d at 1061; *Tredway v. District of Columbia,* 403 A.2d 732, 734 (D.C.), *cert. denied,* 444 U.S. 867, 100 S.Ct. 141, 62 L.Ed.2d 92 (1979). Thus, *Reep* does not apply.

Because Griffin's injury occurred in the performance of his duties as a federal employee, the FECA is his exclusive remedy. Accordingly, the judgment of the district court is affirmed.

---

**3.** *In Mason v. District of Columbia,* 395 A.2d 399 (D.C.1978), the court found the FECA not to apply because the injury did not cause disability. The plaintiff was allowed to proceed with her common law tort suit. Here, Griffin's injury is clearly of the type intended to be covered by the FECA—a disabling personal injury. 5 U.S.C. §§ 8101, 8102(a). *See Tredway v. District of Columbia,* 403 A.2d 732, 734 (D.C.), *cert. denied,* 444 U.S. 867, 100 S.Ct. 141, 62 L.Ed.2d 92 (1979); 2A A. Larson, Workmen's Compensation Law § 65.14, at 12–9 (1982).

We note that Griffin qualified for and received periodic disability payments for his back injury intermittently until February 1980. Griffin now seeks a lump sum payment in compensation for his back injury under 5 U.S.C. § 8107(b), (c). Title 5 U.S.C. § 8107(c)(22) provides for lump sum compensation for the loss of the use of an organ of the body; however, the back is not within the statutory definition of organ in 5 U.S.C. § 8101(19). Thus, Griffin is statutorily ineligible to recover a lump sum payment in compensation for his back injury.