**Robert Stanley WILLIAMS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. DC 83–13–WK–O.**

United States District Court, N.D. Mississippi, Delta Division.

June 6, 1983.

Richard Phillips, Batesville, Miss., for plaintiff.

Patricia D. Rogers, Asst. U.S. Atty., Oxford, Miss., for defendant.

### MEMORANDUM ORDER

KEADY, District Judge.

In this Federal Tort Claims Act action, plaintiff, Robert Stanley Williams, sues the United States of America for trespass and invasion of privacy as a result of actions of employees of the United States in breaking into plaintiff's desk and removing his personal papers and belongings. The court has before it the United States' motion to dismiss or in the alternative, to hold in abeyance.

Plaintiff alleges that on March 26, 1981, while he was temporarily detailed with the United States Corps of Engineers to Vicksburg, Mississippi, Gary Smythe and David Shockey, upon consultation with and the cooperation of Carl Phillips and Suzanne Hale, all corps employees, acting within the scope of their employment and

with consent of the United States, "did unlawfully and without warrant break and enter" the locked drawer of plaintiff's desk in his office at the Sardis Lake Field Office. Upon opening the locked drawer, Smythe and Shockey allegedly seized and carried away all of plaintiff's personal papers and belongings, including $1,200.00 in cash. These belongings were not returned to plaintiff until March 31, 1981. Plaintiff subsequently filed suit for unlawful trespass and invasion of plaintiff's reasonable rights of privacy which allegedly resulted in severe mental and emotional distress.

Defendant argues this court lacks subject matter jurisdiction over this action because plaintiff's exclusive remedy for any alleged injuries caused by defendant while plaintiff was employed by defendant is the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.* Section 8116(c) states:

> (c) The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or member of a crew of a vessel.

*Id.* As the Fifth Circuit Court of Appeals stated in *Avasthi v. United States,* 608 F.2d 1059 (5 Cir.1979):

> An injured employee may not bring an action against the United States under FTCA when there is a 'substantial question as to whether or not the injury occurred in the performance of the employee's duty.' [citation omitted] The employee must first seek and be denied relief under FECA unless his injuries do not present any substantial question of compensability under that act.

*Id.*

The term "injury", to which the FECA applies, is specifically defined in the Act as including "in addition to injury by accident, a disease proximately caused by the employment, and damage to or destruction of medical braces, artificial limbs, and other prosthetic devices ...." 5 U.S.C. § 8101(5). Because of this definition, the court in *Sullivan v. United States,* 428 F.Supp. 79 (E.D.Wis.1977), concluded that:

> The type injuries covered in 5 U.S.C. § 8101(5) include injury by accident or disease; it does not appear to include such claims as are presented here for discrimination, mental distress, or loss of employment.

*Id.* at 81. However, it is clear the policy behind FECA is similar to that of state workmen's compensation laws, i.e., to provide injured employees with more immediate and less expensive relief than a common-law tort action. See *Avasthi v. United States,* 608 F.2d 1059 (5 Cir.1979). Because of this similarity in purpose, interpretation of comparable state law is analogous to the question at hand.

It has been stated as a general proposition that "[a]n injury may be accidentally sustained so as to be compensable, although resulting from the willful or intentional acts of the employer, a fellow servant, or a third person." 99 C.J.S. *Workmen's Compensation* § 161 (1958). There is, however, a split of authority among the states as to whether such intentional torts of an employer are compensable. *See, e.g. Schroeder v. Dayton-Hudson Corp.,* 456 F.Supp. 652 (E.D.Mich.1978) (intentional infliction of emotional distress arising from sex and age discrimination compensable under Michigan law); *Federal Rice Drug Co. v. Queen Ins. Co. of America,* 463 F.2d 626 (3 Cir.1972) (verbal harassment by employer causing emotional distress not covered by workmen's compensation under Pennsylvania law); *Liberty Mutual Ins. Co. v. Thompson,* 171 F.2d 723 (5 Cir.1949) (injuries sus-

tained by intentional attack of employer compensable under Texas workmen's compensation law). While we are cognizant of the fact that the federal statute must be construed in light of its own language and legislative history, we are unable to conclude that FECA would not compensate a federal employee for the intentional torts of his employer or fellow employee. Nor is this the proper forum for such a determination. *Avasthi, supra,* at 1061. In addition, the affidavit of John D. McLellan, Jr. of the Office of Workers' Compensation Programs, United States Department of Labor, creates at least a question of FECA coverage of "mental anguish, mental distress, and/or emotional suffering." For these reasons, we cannot say there is no substantial question of FECA coverage of the alleged injuries.

Therefore, it is

ORDERED:

That defendant's motion to dismiss or in the alternative, to hold in abeyance is hereby GRANTED and this action is held in abeyance pending plaintiff's submission of his claim to the Office of Workers' Compensation Program, United States Department of Labor, for determination of Federal Employees' Compensation Act coverage.