**Paul V. BURKE**

v.

**UNITED STATES of America.**

**Civ. A. No. 85–3745.**

United States District Court,
E.D. Louisiana.

July 21, 1986.

---

Edward Downing, III, Gauthier, Murphy, Sherman, McCabe & Chehardy, Metairie, La., for plaintiff.

John Elaine Chauvin, Asst. U.S. Atty., New Orleans, La., for U.S.

## MEMORANDUM OPINION

MENTZ, District Judge.

Plaintiff, Paul V. Burke, was employed as Sectional Center Manager/Postmaster in the New Orleans, Louisiana Post Office. In March, 1983, he left work on a medical leave of absence. Psychological evaluations confirmed that due to his mental state, he was unable to continue his duties as Manager/Postmaster. Burke filed a claim for compensation under the provisions of the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101, *et. seq.*, based on his depressive illness. The Secretary of Labor accepted that Burke's depressive illness was job-related and awarded Burke benefits under the FECA. Since March 14, 1983, Burke has received $3,394.75 every 28 days in compensation.

After having his compensation claim approved, Burke brought this action against the United States under the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. The complaint alleges that Burke was subjected to an intentional and continuing pattern of harassment. from April, 1980 through August, 1983 by employees of the Postal Service. He seeks damages under the FTCA for "discrimination, intentional infliction of mental distress and the permanent loss of his employment".[1]

The United States moved to dismiss and/or for summary judgment on the ground that the compensation Burke received through the FECA was his exclusive remedy. Burke contends that his compensation under the FECA does not include compensation for intentional infliction of mental and emotional distress, and that therefore, he is entitled to bring suit under the FTCA. Burke contends that the FECA's definition of the term "injury" is narrowly drawn to encompass injuries only from acts of negligence.

█ The FECA establishes a program of workmen's compensation for federal employees which provides a more efficient and less expensive recovery than a tort suit. It

---

1. Plaintiff's discrimination claim has been dismissed.

was intended as a substitute for, rather than a supplement to a tort suit. Therefore, it is the exclusive remedy for injuries falling within its coverage. *See Bailey v. United States*, 451 F.2d 963, 965 (5th Cir. 1971). The FECA provides in pertinent part that:

> The liability of the United States ... with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States ... to the employee ... because of the injury or death in a direct judicial proceeding, in a civil action, or ... under a Federal tort liability statute.

5 U.S.C. § 8116(c). Thus, it is clear that if the FECA provides coverage for the injuries complained of in this suit, the Secretary's award of compensation would bar Burke from bringing this action under the FTCA against the United States since the United States has not otherwise waived sovereign immunity. *See Grijalva v. United States*, 781 F.2d 472, 474 (5th Cir.1986).

The threshold requirement for determining FECA coverage is that the injuries alleged must be "sustained while in the performance of [the employee's] duty." 5 U.S.C. § 8102(a). Only the Secretary of Labor or his designee may determine the scope of the FECA coverage. 5 U.S.C. § 8128(b). The federal courts have held that where there is a substantial question as to whether the injury occurred in the performance of the employee's duty, an FTCA action may not be brought. Instead, the employee must first seek and be denied recovery under the FECA. *See Heilman v. United States*, 731 F.2d 1104, 1110 (3d Cir.1984); *Avasthi v. United States*, 608 F.2d 1059, 1061 (5th Cir.1979); *Bailey v. United States*, 451 F.2d 963, 965 (5th Cir. 1971).

The term "injury" under the FECA is defined as including "in addition to injury by accident, a disease proximately caused by the employment ..." 5 U.S.C. § 8101(5). The court in *Sullivan v. United States*, 428 F.Supp. 79 (E.D.Wis.1977), considered this definition and concluded that: "The type of injuries covered in 5 U.S.C. § 8101(5) includes injury by accident and disease; it does not appear to include such claims as

are presented here for discrimination, mental distress, or loss of employment." *Id.* at 81. However, in *Williams v. United States*, 565 F.Supp. 59 (N.D.Miss.1983), where it was alleged that the employee suffered from intentional infliction of emotional distress, the court refused to follow *Sullivan*. Instead, the court followed the law of the Fifth Circuit as set forth in *Avasthi*, 608 F.2d at 1061, and found that where there is at least a question as to whether the FECA covers intentional torts, an FTCA action is barred until the Secretary of Labor determines that there is no coverage.

In the instant case, the Court, after hearing oral argument, followed *Williams* and stayed proceedings in this case pending Burke's submission of his claim of intentional infliction of mental distress to the Office of Workers' Compensation Program, United States Department of Labor for a determination of FECA coverage. *See DiPippa v. United States*, 687 F.2d 14, 20 (3d Cir.1982) (to avoid statute of limitations problems, the court stayed proceedings until the Secretary determined the FECA coverage). Since Burke already filed a claim for and received benefits under the FECA, he submitted a letter containing the following question to the Dallas, Texas Regional Office of Workers' Compensation Program: "Does the FECA provide coverage for the intentional infliction of mental distress?" *See* Addendum A. Will Massey, Assistant Regional Administrator for the United States Department of Labor, answered Burke's question. He explained that "the FECA provides compensation and medical benefits for job-related injuries or occupational diseases, including stress-related problems." He further explained that "[t]he FECA is the injured federal workers' sole remedy for job-related injuries or illnesses ... no showing of negligence or intent is required—only that the job circumstances initiated or aggravated the condition, and that it arose out of and in the performance of duty." Massey concluded by noting that "Mr. Burke is in receipt of compensation based on his emotional problems, accepted as job-related." *See* Addendum B. Thus, it has

been determined that Burke's emotional problems constitute an injury related to the performance of his duty and, consequently, Burke has received compensation under the FECA for that injury. The decision of the Secretary is final and immune from judicial review. 5 U.S.C. § 8128(b)(1) and (2). It is irrelevant that his injury may have been intentionally caused. Recovery under the FECA is not dependent on the injury being caused by the negligence or intent of any employees of the United States. The FECA applies if the injury is suffered in the course of the employee's duty; the fact that an injury was intentionally caused does not preclude it from being suffered while in the performance of duty. *See Heilman,* 731 F.2d at 1111 n. 6; *Posegate v. United States,* 288 F.2d 11, 14 (9th Cir. 1961), *cert. denied.,* 368 U.S. 832, 82 S.Ct. 55, 7 L.Ed.2d 34; *Lucente v. Bolger,* No. 84–4176 slip op. (E.D.Pa.1986) [Available on WESTLAW, DCTU database]. Since Burke has received compensation under the FECA for his injury, he is barred from bringing suit against the United States under the FTCA.

Accordingly, defendant's motion to dismiss and/or for summary judgment is GRANTED IN PART insofar as plaintiff's claim of intentional infliction of mental and emotional distress.

### APPENDIX A

GAUTHIER, MURPHY, SHERMAN, McCABE & CHEHARDY

ATTORNEYS AND COUNSELORS AT LAW

A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

3600 N. HULLEN STREET

METAIRIE, LOUISIANA 70002

May 22, 1986

Mr. Will L. Massey
Assistant Regional Director
U.S. Department of Labor
Employment Standards Administration
Office of Workers' Compensation Program
555 Griffin Square Building
Dallas, Texas 75202

Re: Paul Burke

Dear Sir:

This letter seeks to determine the scope of the coverage provided by benefits awarded under the FECA. Our client, Mr. Burke, is receiving compensation for injuries sustained while employed by the Postal Service (file # A7–184086).

The question is: Does the FECA provide coverage for the intentional infliction of mental distress?

The answer to this question is sought pursuant to a decree of the United States District Court for the Eastern District of Louisiana in a suit brought there by Mr. Burke. Your prompt attention to this matter will be greatly appreciated.

With best personal regards, I am,

> Very truly yours,
> /s/ Edward F. Downing, III
> Edward F. Downing, III

### APPENDIX B

U.S. Department of Labor

Employment Standard Administration

Office of Workers Compensation Programs

555 Griffin Square Building

Dallas, TX 75202

June 2, 1986

Edward F. Downing, III
Attorney at Law
3500 N. Hullen Street
Metairie, Louisiana 70002

Dear Mr. Downing:

This is in reponse [sic] to your letter of May 22, 1986, concerning the claim of Mr. Paul Burke.

The FECA provides compensation and medical benefits for job-related injuries or occupational diseases, including stress-related problems. To be compensable, the

stress precipitating the emotional condition must, 1) be related to either the conditions under which the employee worked, or the duties he/she was required to perform and; 2) the condition must require medical treatment and/or result in disability from work.

The FECA is the injured federal workers' sole remedy for job-related injuries or illnesses. Since it is non-adversarial, no showing of negligence or intent is required—only that the job circumstances initiated or aggravated the condition, and that it arose out of and in the performance of duty.

As District Director Allen's November 1, 1985 affidavit stated, Mr. Burke is in receipt of compensation based on his emotional problems, accepted as job-related. I hope this is responsive to your needs.

Sincerely,

/s/ Will Massey
WILL MASSEY
Assistant Regional Administrator