**Clarence B. GERGICK, Plaintiff,**

v.

**Richard AUSTIN, Acting Administrator, General Services Administration, Defendant.**

**No. 89–0838–CV–W–6.**

United States District Court, W.D. Missouri, W.D.

May 10, 1991.

Gwen G. Caranchini, Law Offices of Gwen G. Caranchini, P.C., Kansas City, Mo., for plaintiff.

Gay Tedder, Asst. U.S. Atty., Kansas City, Mo., for defendant.

MEMORANDUM AND ORDER

SACHS, Chief Judge.

This cause of action charges plaintiff's former employer, the General Services Administration (GSA), with unlawful retaliation against plaintiff for his support of fellow employees who filed EEOC complaints against the GSA. Count IV is a common law claim for intentional infliction of emotional distress which the plaintiff brings against the Government under the Federal Tort Claims Act (FTCA).

The GSA filed a motion to dismiss Count IV. As grounds for said motion, the GSA argues that the Federal Employee's Compensation Act (FECA) provides the exclusive remedy for injuries which occur on the job and that plaintiff failed to exhaust his administrative remedies. The plaintiff contends that FECA applies to physical injuries but not to emotional injuries. Consequently, the plaintiff argues that he is not required to submit his emotional distress

claim to the Secretary of Labor as required by FECA.

■ FECA is the exclusive remedy for a federal employee who has sustained a personal injury on the job. 5 U.S.C. § 8116(c); *Griffin v. United States*, 703 F.2d 321 (8th Cir.1983). Some courts hold that "injury" includes mental distress. *Burke v. United States*, 644 F.Supp. 566, 568 (E.D.La.1986); *Williams v. United States*, 565 F.Supp. 59 (N.D.Miss.1983).

This court is swayed by the more persuasive authority found in the Sixth and Ninth Circuits that FECA does not encompass claims based on emotional injury. *DeFord v. Secretary of Labor*, 700 F.2d 281, 290 (6th Cir.1983); *Guidry v. Durkin*, 834 F.2d 1465 (9th Cir.1987); *Sheehan v. United States*, 896 F.2d 1168, 1174, *as amended by* 917 F.2d 424 (9th Cir.1990). *See also Mason v. District of Columbia*, 395 A.2d 399 (D.C.Cir.1978); *Underwood v. United States Postal Service*, 742 F.Supp. 968, 970–71 (M.D.Tenn.1990); *Newman v. Legal Services Corp.*, 628 F.Supp. 535, 543 (D.C. 1986). Courts particularly emphasize that emotional injuries arising from discriminatory activities, as alleged here, are outside the scope of FECA. *Metz v. United States*, 723 F.Supp. 1133 (D.Md.1989); *Sullivan v. United States*, 428 F.Supp. 79, 81 (E.D.Wis.1977); *DeFord, supra. Cf. Tredway v. District of Columbia*, 403 A.2d 732 (D.C.App.1979), *cert. denied*, 444 U.S. 867, 100 S.Ct. 141, 62 L.Ed.2d 92 (1979).

Although the Eighth Circuit has not directly addressed the issue, that court implicitly recognized in *Griffin, supra*, that FECA's scope does not extend to claims for mental distress. The Eighth Circuit distinguished the *Griffin* case where the court prohibited an employee with a back injury from asserting a FTCA claim from *Mason, supra*, which held that an employee could assert a common law tort claim based on

emotional distress because "mental suffering" did not fall within the ambit of FECA. *Griffin*, 703 F.2d at 322 n. 3. By distinguishing *Mason*, the Eighth Circuit acknowledged the *Mason* holding was correct but that *Mason* simply did not apply to *Griffin*.

The court submits an additional reason for its holding that Count IV should not be dismissed. The defendant heavily relies upon the *Burke* case out of the Eastern District of Louisiana. A recent case from the same district undermines Burke's precedential value. In *Miller v. Aldridge*, 1989 WL 62503 (E.D.La.1989) (unreported opinion), the court relied upon *DeFord, supra*, and *Sullivan, supra*, and held that FECA did not preclude the plaintiff from pursuing a damage claim against her employer for discriminatory acts.[1]

■ The defendant submits that the issue at the least raises a substantial question as to whether the type of alleged injuries are compensable under FECA. If a substantial question exists about FECA coverage then the Secretary of Labor rather than the court must resolve it. *DiPippa v. United States*, 687 F.2d 14, 16 (3d Cir. 1982); *Avasthi v. United States*, 608 F.2d 1059, 1061 (5th Cir.1979). The GSA in the instant case moves the court to stay this proceeding until the plaintiff obtains a ruling from the Secretary regarding FECA's application to damages for emotional distress.

If there is no substantial question as to FECA coverage, the injured employee may commence an action under the FTCA. *Reep v. United States*, 557 F.2d 204, 207 (9th Cir.1977). In the instant case, I have concluded that mental distress is not an injury which is cognizable under FECA. Accordingly, "there is no substantial question to be resolved on the coverage of FECA [because] FECA is plainly inapplica-

---

**1.** In addition, I have previously ruled that the Missouri Worker's Compensation Act was not the exclusive remedy for emotional damages resulting from sexual harassment in the workplace. *Smith v. Ford*, Case No. 89–0962–CV–W–6 (W.D.Mo.1989). The Missouri statute provided that Worker's Compensation was the exclusive remedy for injuries occurring "by acci-

dent." The primary ruling in the *Smith* case was that sexual harassment did not constitute an accident. Although the precise issue was different from the instant case, I do not consider Worker's Compensation statutes to be proper remedial vehicles for emotional injuries which arise in connection with discrimination suits.

ble here." *Mason,* 395 A.2d at 403. *See Sheehan,* 896 F.2d at 1174 (questions of coverage relating to the merits of the underlying compensation claim [such as whether the employee was injured on the job] must be deferred to the Secretary but not questions regarding FECA's scope). The *Avasthi* and *DiPippa* opinions do not directly address the issue. The question in those cases was whether the employees were injured while on the job. Those coverage questions were correctly referred to the Secretary. Count IV in the instant case falls outside FECA's scope. *But see Eure v. United States Postal Service,* 711 F.Supp. 1365, 1372–73 (S.D.Miss.1989) (court referred the question whether damages for emotional distress fell within FECA to Secretary). Accordingly, it is hereby

ORDERED defendant's motion to dismiss Count IV is DENIED.