951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cynthia B. WOODWARD, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-15042.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1991.*
Decided Dec. 16, 1991.
 
 Before FLETCHER, WIGGINS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORADNUM**
 
 
 2
 After suffering injuries in a car accident that occurred during the scope of her employment as an IRS employee, Woodward brought an action under the Federal Torts Claim Act (FTCA) for negligent handling of her claim for compensation and for wrongful termination in violation of due process. The district court dismissed Woodward's case for lack of subject matter jurisdiction. We affirm.
 
 
 3
 The Federal Employees Compensation Act (FECA) is the exclusive remedy for federal employees who are injured in the scope of their employment. See 5 U.S.C. § 8116(c); Noga v. United States, 411 F.2d 943, 945 (9th Cir.1969); see also Griffin v. United States, 703 F.2d 321, 321-22 (8th Cir.1983). The sole remedy for an adverse administrative decision is review by the Department of Labor, whose decision is not subject to judicial review. 5 U.S.C. § 8128(b)(2). Woodward's attempt to bring this claim under the FTCA, alleging that the department negligently handled her claim, cannot get around the statutory prohibition on judicial review. Were we to allow Woodward to proceed under the FTCA, we would render the statutory prohibition against judicial review of FECA decisions a nullity. See Rodrigues v. Donovan, 769 F.2d 1344, 1347-1348 (9th Cir.1985).
 
 
 4
 Woodward also alleges a constitutional tort: wrongful termination in violation of due process. The Civil Service Reform Act (CSRA), 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), is the exclusive avenue of relief for this claim. This is true even if the CSRA provides no remedy, for "the CSRA precludes even those Bivens claims for which the act prescribes no alternative remedy." Saul v. United States, 928 F.2d 829, 840 (9th Cir.1991) (proposition applies as well to claims against the sovereign); see also Schweiker v. Chilicky, 487 U.S. 412, 425-26 (1988); Bush v. Lucas, 462 U.S. 367, 388-90 (1983).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3