Joyce A. HOOPES and Harvey W. Hoopes, Jr., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 93–73–CIV–4–BO.

United States District Court,
E.D. North Carolina,
New Bern Division.

Nov. 8, 1994.

Richard A. Mu, Brumbaugh & Mu, Jacksonville, NC, for plaintiffs.

Barbara D. Kocher, U.S. Attorney's Office, Raleigh, NC, for defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the undersigned on motion of the defendant to dismiss for lack of subject matter jurisdiction pursuant to 12(b)(1) of the Federal Rules of Civil Procedure.

The undisputed facts of this case are that on January 9, 1990, the plaintiff, a federal civilian employee, took an hour of annual leave to attend a retirement luncheon for a co-worker. Upon her return to work, her car was rear-ended by a vehicle owned by the United States, and driven by an on-duty federal civilian employee. As a result of the accident, the plaintiff sought medical care for her neck and shoulder. The plaintiff then sought help from her supervisor and from the personnel office as to what procedure to follow in order to recover for her accident. As a result, the plaintiff completed a Form CA-1 Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation. In completing the form, the plaintiff asserted that her injury was job-related. Subsequently, the plaintiff received 45 days of continuation of pay. Just prior to the expiration of the 45 days, the Civilian Personnel Office informed the plaintiff that she could either file immediately for Employees' Compensation, or she could use accumulated sick leave and file for reimbursement from FECA. The plaintiff then began to use her accumulated sick leave, but did not seek reimbursement from FECA. Some two years later, the plaintiff had surgery which she believed was related to the accident of January 9, 1990. At that time, she filed for a "Recurrence of Disability", requesting compensation for the surgery. The Office of Workers' Compensation turned down her claim, asserting that the injury prompting the surgery was unrelated to the January 9, 1990 accident.

In order for a person to receive workers' compensation benefits under FECA, the Secretary of Labor must first make a finding that the claimant was within the course and scope of her employment at the time of the alleged injury. 5 U.S.C. § 8116. Furthermore, the decision of the Secretary of Labor is final, conclusive, and not subject to review, under 5 U.S.C. § 8116(c). Therefore, once the Secretary determines that a person was within the course and scope of employment at the time of the injury, FECA becomes the sole remedy available.

The plaintiff now alleges that she was not within the course and scope of her employment, despite her contradictory assertion on the Continuation of Pay application, and seeks relief under the Federal Tort Claims Act for injuries sustained in the January 9, 1990 accident. The further alleges that she is entitled to proceed under the FTCA because the Secretary of Labor has made no determination that she was within the course and scope of her employment at the time of the accident, as required by the FECA statute.

█ The defendant, on the other hand, asserts that the Secretary of Labor did make a determination that the plaintiff was within the course and scope of her employment. The defendant argues that the plaintiff falls under the exclusive remedy of FECA based on two separate incidents. First, the defendant asserts that the claim the plaintiff filed in April of 1992, which the Secretary of Labor rejected, binds the plaintiff under FECA. However, this claim was rejected by the Secretary of Labor as not being related to the accident of January 9, 1990. There was no determination of whether that accident was, in fact, compensable itself under FECA. There was no need for the Secretary to make such findings, as the claim was dismissed on an independent ground.

█ Second, the defendant argues that the plaintiff has admitted, under penalty of per-

jury, that she was in fact in the course and scope of her employment. Since the plaintiff received continuation of pay as a result of her statement, the defendant asserts that this is tantamount to a finding by the Secretary of Labor that the plaintiff was in the scope and course of her employment, and therefore, FECA is her only remedy. However, the statute clearly does not contemplate such a conclusion. 5 U.S.C. § 8118 governs continuation of pay. The statute is an avenue for an immediate remedy in the event of a traumatic injury which may lead to compensation through FECA. It is not a determination of eligibility under workers' compensation. This is apparent by the language of 5 U.S.C. § 8118(d) and (e):

(d) If a claim under subsection (a) is denied by the Secretary, payments under this section shall, at the option of the employee, be charged to sick or annual leave or shall be deemed overpayments of pay ...

(e) Payments under this section shall not be considered as compensation as defined by section 8101(12) of this title.

The statute contemplates the possibility of the employee being turned down for compensation by the Secretary of Labor. Therefore, the receipt of benefits under this section cannot involve the same scrutiny which is used in determining entitlement under workers' compensation. In fact, the statute specifically excludes continuation of pay from the definition of compensation. 5 U.S.C. § 8118(e).

█ The receipt of continuation of pay does not bind the plaintiff to a remedy under FECA, nor does the claim she filed in April of 1992. However, there is no question that if the plaintiff was indeed within the course and scope of her employment, FECA would be her only remedy. There is no determination by the Secretary of Labor to which this Court can give deference. Therefore the Court relies on *Martin v. United States of America,* 566 F.2d 895 (4th Cir.1977) to make its own determination. The facts of that case are nearly identical to the present case. The plaintiff in *Martin* brought an action under the Federal Tort Claims Act after she had accepted workers' compensation for an injury

sustained in an automobile accident at Fort Jackson, South Carolina. The accident occurred upon her return from lunch, just as the accident in this case. Finally, the plaintiff received benefits without a finding by the Secretary of Labor as to whether the plaintiff was within the course and scope of her employment. Without that determination by the Secretary of Labor, the Court was allowed to decide the plaintiff's status.

The Fourth Circuit stated that in order for a person to act in the course and scope of their employment, there must be a "sufficient connection" between the plaintiff's injury and her job. The panel went on find that a car accident which takes place at lunch, where the employer has no control over the employee's activities, is not a sufficient connection between the injury and the job. Therefore, the plaintiff in *Martin* was not bound by FECA, and was allowed to proceed under the FTCA.

Following *Martin,* this Court can make a determination of whether the plaintiff was in the course and scope of her employment in order to determine whether she is entitled to assert a claim under the Federal Tort Claims Act. The undisputed facts of this case show that the plaintiff was on annual leave at the time of the accident, and was not furthering the business of her employer by running an errand in conjunction with employment. She was returning from a retirement luncheon of a co-worker; however, the fact that she had to use annual leave time to attend the luncheon indicates that the outing was not work-related. There are some cases that have found plaintiffs to be within the course and scope of employment when an accident occurs on the federal property on which the plaintiff works. However, taking the facts of this case as a whole, the court does not find the location of the accident to be a controlling factor in its determination. See *Martin v. United States,* 566 F.2d 895 (4th Cir.1977) (plaintiff was not in the course of employment when accident occurred on employer's property); *Avasthi v. United States,* 608 F.2d 1059 (5th Cir.1979) (plaintiff cannot automatically recover under FECA solely because he was traveling to or from work on federal property at the time of the injury).

352

The defendant further argues that the plaintiff is precluded from bringing an FTCA action because by accepting the continuation of pay, and applying for workers' compensation benefits in April of 1992, she, in effect, elected a remedy for her injury. As a result, according to the defendant, the plaintiff is barred from proceeding under the FTCA regardless of whether she was within the course and scope of employment. This is precisely the same issue addressed in *Martin;* that is, "whether plaintiff's action constituted a binding election of remedies". In addressing that issue, the Fourth Circuit found that " 'mere acceptance of some compensation benefits, then is not enough to constitute an election. There must also be evidence of a *conscious intent* to elect the compensation remedy and to waive his other rights.' " *Id.* at 898 (quoting 2A Larson, *Workmen's Compensation,* § 67.22, at 12–52 to 53) (emphasis added). Applying that analysis to this case, the plaintiff clearly did not have a conscious intent to elect a workers' compensation remedy and waive her future claims in tort. The record reflects, instead, that the plaintiff had no idea that she had other potential remedies available, and was simply relying on the advice of her employer in handling the matter. Thus, she cannot be precluded from seeking an FTCA recovery by virtue of an election of remedies doctrine.

Accordingly, this Court finds that there was no determination by the Secretary of Labor which precludes this Court from exercising jurisdiction over this matter. There has also been no election of remedies by the plaintiff which would operate to bar any recovery under the FTCA. The Court further concludes, as a matter of law, that the plaintiff was not acting within the course and scope of her employment at the time of the accident of January 9, 1990. Therefore, the defendant's motion to dismiss is DENIED, and the plaintiffs are entitled to pursue this action under the Federal Tort Claims Act.