Charlene ALEXANDER, Plaintiff,

v.

Anthony M. FRANK, Postmaster General, United States Postal Service, et al., Defendants.

No. CA3–90–1337–H.

United States District Court, N.D. Texas, Dallas Division.

Aug. 7, 1991.

Charlene Alexander, pro se.

Stafford Hutchinson, Asst. U.S. Atty., Dallas, Tex., William H. Brown, Jr., Office of Field Legal Service, U.S. Postal Service, Memphis, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court are Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment, filed June 17, 1991; Defendants' Supplemental Affidavit in Support of Motion to Dismiss, filed July 9, 1991; and Plaintiff's Response, filed July 30, 1991. In addition, the Court has received a letter from Plaintiff dated and filed July 22, 1991.

### I. BACKGROUND.

This is a discrimination lawsuit before the Court pursuant to the jurisdiction conferred by 28 U.S.C. § 1331 because it concerns alleged violations of Title VII, the Age Discrimination in Employment Act, and the Rehabilitation Act.

Plaintiff *pro se* Charlene Alexander was hired by the United States Postal Service in Fort Worth on December 12, 1984. Alexander applied for transfer to a Dallas office of the Postal Service in March 1985, and her application was accepted effective May 11, 1985. In April, 1986 Alexander suffered a back injury as the result of repeated heavy lifting. From that time until April, 1990 Plaintiff worked only intermittently at the Postal Service. Alexander last worked at the Postal Service on April 14, 1990.

Plaintiff filed a claim for compensation for her injury with the Office of Workers' Compensation ("OWCP") of the United States Department of Labor. That claim was accepted in January of 1987, and as a result Alexander received compensation benefits for the time she missed from work because of her injury. Plaintiff filed subsequent OWCP claims for compensation arising out of recurrences of her initial back injury, and has received compensation benefits for those periods she was absent from work because of her injured back.[1] By order entered October 4, 1990 the OWCP found that Alexander was totally disabled and awarded her compensation in the amount of 75% of her regular salary, retroactive to May 3, 1990. Alexander continues to receive these benefits, as she remains totally disabled and unable to return to her position at the Postal Service.

Plaintiff Alexander filed the present lawsuit on July 3, 1990 because of her dissatisfaction with the manner in which the Postal Service responded, or failed to respond, to her need for work assignments adapted to her reduced limitations while she was still actively employed by the Postal Service.[2] Alexander alleges handicap, sex, age, and reprisal discrimination in connection with her employment, and also charges that the Postal Service has violated the Federal Employees' Compensation Act.

Specifically, this civil lawsuit arises from Defendants' actions in denying Plaintiff's bid jobs and access to the bidding pro-

---

[1]. Alexander filed claims covering the periods from April 28, 1987 to June 15, 1987; from February 21, 1989 to October 23, 1989; from December 21, 1989 to February 1, 1990; and from April 14, 1990 to the present.

[2]. Mr. John Miller and Mr. Danny Good, Area Managers, Mr. Jim Boyd, Injury Compensation and Safety Manager, Ms. Sandy Carder, CFS Manager, and Mr. James Mitchell, E.E.O. Complaints Manager, were also named by Alexander as Defendants in this action. Because only Anthony Frank, as Postmaster General, is a proper Defendant, Plaintiff's cause of action against the other named Defendants must be, and it hereby is, DISMISSED.

cess; refusal to recognize Plaintiff's accumulated seniority; and demotion of Plaintiff from assigned regular clerk to unassigned regular clerk on the basis of her physical limitations and the premise of a phantom seventy-pound lifting requirement—a condition which was not even presented to Plaintiff when she was hired by Defendant.

Plaintiff's Response at 2. Alexander seeks declaratory and injunctive relief, and also seeks "restitution of all rights, privileges, job placement, and income that would have been received but for the unlawful and discriminatory practices of the U.S. Postal Service. Remedies sought are to be made whole in every aspect, injunctive relief, backpay, damages in the amount of $10,-000,000.00, costs and attorney fees."[3] Plaintiff's Complaint, filed July 3, 1990, at 2.

Defendant now moves to dismiss or, alternatively, for summary judgment. The Court deems the present motion to be, and treats it as, a motion for summary judgment. *See* Fed.R.Civ.P. 12(c).

## II. SUMMARY JUDGMENT.

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment or partial judgment as a matter of law. *See* Fed.R.Civ.P. 56. As the Fifth Circuit stated in *Christophersen v. Allied-Signal Corp.*, 902 F.2d 362, 364 (5th Cir. 1990), "[b]efore a court may grant summary judgment, the moving party must demonstrate that it is entitled to judgment as a matter of law because there is no actual dispute as to an essential element of the plaintiff's case." A movant for summary judgment need not support the motion with evidence negating the opponent's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

"Summary judgment reinforces the purpose of the Rules, to achieve the just,

speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1197 (5th Cir.1986) (reinterpreting Federal Rule of Civil Procedure 56 to enhance judicial economy). The Fifth Circuit has held that the moving party is entitled to summary judgment when the nonmoving party fails to make a sufficient showing of proof, *see id.* at 1195–98, although all evidence must be viewed in the light most favorable to the motion's opponent. *See Gremillion v. Gulf Coast Catering Co.,* 904 F.2d 290, 292 (5th Cir.1990). Summary judgment may be entered against a party if after adequate time for discovery the party fails to establish the existence of an element essential to his or her case and as to which he or she will bear the burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. at 324–26, 106 S.Ct. at 2553–54.

## III. THE RACE DISCRIMINATION CLAIM.

Alexander's allegation of racial discrimination must fail as a matter of law on the basis of the facts as alleged by Alexander. Accordingly, Defendant is entitled to summary judgment on the claim of racial discrimination and that claim must be dismissed.

First, the Court notes that Title VII actions may be brought under two theories of discrimination: disparate treatment and disparate impact. The first theory focuses on the discriminatory motive of the employer, the second on the discriminatory effect of the employer's acts. *See Hill v. Mississippi State Employment Service,* 918 F.2d 1233, 1238 (5th Cir.1990). From Alexander's pleadings it is clear that she is not complaining about a pattern or practice of discrimination against employees of the Postal Service on the basis of race, but rather only that she was discriminated against because of her race. In short, this is a disparate treatment case.

---

**3.** Alexander represents herself in this action, and requested attorneys' fees only in the event she was able to retain counsel. *See* Plaintiff's Response at 8.

A Title VII plaintiff has the burden of making a *prima facie* showing that:

1. [s]he belongs to a protected class;
2. [s]he was qualified to do [her] job;
3. despite [her] qualifications, [her] employment situation was adversely affected;
4. [her] position was filled by someone outside that protected class.

*Young v. City of Houston*, 906 F.2d 177, 180 (5th Cir.1990); *see Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Hill v. Mississippi State Employment Service*, 918 F.2d at 1238–39; *Arenson v. Southern University Law Center*, 911 F.2d 1124, 1127 (5th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 1417, 113 L.Ed.2d 470 (1991).

■ In the present case, Alexander has not made out a *prima facie* case of racial discrimination, in that she states that she was replaced by a person of the same race. *See* Plaintiff's Response at 3 (stating that her race is "Caucasian"); *id.* at 5 (stating that Alexander's "bid job was vacated, posted and awarded to a male, non-handicapped Caucasian"). Accordingly, because Alexander's racial discrimination claim must fail as a matter of law, Defendant's motion for summary judgment on this claim must be, and it hereby is, GRANTED.

## IV. THE AGE DISCRIMINATION CLAIM.

Alexander also alleges age discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 621 *et seq.* (1985). The Fifth Circuit has held that a plaintiff in a case brought pursuant to the ADEA may establish a *prima facie* case of discrimination by:

(1) satisfying the "standing requirements under the statute," *i.e.*, showing that [s]he is within the protected age group and that [s]he has been adversely affected—discharged or demoted—by defendant's employment decision; (2) showing that [s]he was qualified to assume another position at the time of discharge or demotion; and (3) producing evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue.

*Williams v. General Motors Corp.*, 656 F.2d 120, 129 (5th Cir. Unit B Sept. 1981), *cert. denied*, 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982) (citation omitted) (citing *McCorstin v. United States Steel Corporation*, 621 F.2d 749, 753 (5th Cir.1980); *Price v. Maryland Casualty Co.*, 561 F.2d 609, 612 (5th Cir.1977); and the legislative history of the ADEA in establishing requirements for ADEA case).

In discussing the third element of the prima facie case, the Fifth Circuit stated that "[t]he ADEA mandates that an employer reach employment decisions without regard to age.... The age of a 'protected' job applicant or incumbent, then, is accorded neutral status under the ADEA, neither facilitating nor hindering his ... exposure to demotion or discharge." *Williams v. General Motors Corp.*, 656 F.2d at 129 (footnote omitted). Pursuant to this intent requirement, Alexander must produce

some evidence that an employer has not treated age neutrally, but has instead discriminated based upon it. Specifically, the evidence must lead the factfinder reasonably to conclude either (1) that defendant consciously refused to consider retaining or relocating plaintiff because of his age, or (2) defendant regarded age as a negative factor in such consideration.

*Id.* at 130.

The evidence offered to prove discrimination may be direct or circumstantial, "so long as it serves the general purpose of supporting the asserted proposition and excluding other propositions." *Id.* In this regard, the *Williams* court made clear that seniority and age discrimination are unrelated. The ADEA targets discrimination against employees who fall within a protected age category, not employees who have attained a given seniority status.... We state without equivocation

that the seniority a given plaintiff has accumulated entitles him to no better or worse treatment in an age discrimination suit.

*Id.* n. 17.

■ In the present case, the only evidence before the Court concerning Alexander's age discrimination claim is that she is over 40 years of age, *see* Plaintiff's Response at 3, and that Defendant allegedly refused "to recognize Plaintiff's accrued seniority." *Id.* at 17. The problem with Alexander's contention is that under the Fifth Circuit rule for proving discriminatory intent, the sole evidentiary basis for her ADEA claim is essentially irrelevant. Certainly, even granting that a refusal to consider Alexander's accrued seniority may be relevant under the facts of this case and may constitute some circumstantial evidence of discriminatory intent on the part of Defendant, that evidence clearly does not meet the Fifth Circuit's standard of both "supporting the asserted proposition and excluding other propositions." *Williams v. General Motors Corp.*, 656 F.2d at 130. In short, there is simply no evidence before the Court that Defendant consciously refused to consider retaining or relocating plaintiff because of her age, or that Defendant regarded age as a negative factor in such consideration. *See id.* at 130.

In short, Alexander has failed to establish all of the elements of a *prima facie* case of age discrimination, and her claim against the Postal Service must fail as a matter of law. Accordingly, Defendant's motion for summary judgment is GRANTED as to Plaintiff's age discrimination claim.

## V. THE SEX DISCRIMINATION CLAIM.

Alexander also alleges that the Postal Service discriminated against her on the basis of sex. The only evidence she offers on this point is that her former position is now occupied by a male. *See* Plaintiff's Response at 5.

The Fifth Circuit has held that the standard under Title VII for proving a race discrimination claim applies to making a *prima facie* case for discrimination on the basis of sex. *See Cunningham v. Housing Authority*, 764 F.2d 1097, 1100 (5th Cir.1985), *citing Texas Department of Community Affairs v. Burdine*, 450 U.S. at 257–58, 101 S.Ct. at 1095–96; *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802, 93 S.Ct. at 1824. In short, Plaintiff has the burden of making a *prima* facie showing that: (1) she belongs to a protected class; (2) she was qualified to do her job; (3) despite her qualifications, her employment situation was adversely affected; (4) her position was filled by someone of the opposite sex, or members of the opposite sex were treated differently in the terms and conditions of their employment. In addition, because this is a disparate treatment case, Alexander "bears the burden of proving intentional discrimination." *Cunningham v. Housing Authority*, 764 F.2d at 1099. "Discriminatory intent may be established by direct or circumstantial evidence." *Id., quoting Walls v. Mississippi State Department of Public Welfare*, 730 F.2d 306, 321–22 (5th Cir.1984).

■ In the present case Alexander has simply failed to make out a *prima facie* case of sex discrimination against the Postal Service. Defendant has presented extensive summary judgment evidence showing that the dispute between the parties has nothing to do with sex but rather concerns Alexander's treatment following her back injury. Despite the fact that her Complaint lists sex discrimination as a cause of action, Plaintiff seems to agree with Defendant that the present case has nothing to do with sex discrimination: in a list of over two dozen incidents of allegedly discriminatory conduct by Defendant, *see* Plaintiff's Response at 17–20, Alexander does not list a single episode where sex, rather than handicap or retaliation, was at issue. In the context of a motion for summary judgment, this failure to provide any factual foundation for her sex discrimination claim is fatal, because

the party with the burden of proof, the Plaintiff in this case, who opposes a motion for summary judgment must point

out specific facts showing that there is a genuine issue for trial. Factual specificity is required because summary judgment is designed to go beyond the pleadings in order to assess the proof and ascertain whether a claim is baseless and should be dismissed or, alternatively, whether a genuine fact issue exists and trial is necessary. Because the opponent of a summary judgment motion must designate specific facts, it is not enough that he merely restate his claims—general allegations and self-serving conclusions unsupported by specific facts are not adequate.

*Castillo v. Bowles*, 687 F.Supp. 277, 280 (N.D.Tex.1988), *cert. denied*, 493 U.S. 827, 110 S.Ct. 92, 107 L.Ed.2d 57 (1989) (citations omitted).

Accordingly, the Court finds that Defendant is entitled to judgment as a matter of law and that the motion for summary judgment on Alexander's sex discrimination claim must be, and it hereby is, GRANTED.

## VI. THE HANDICAP CLAIM.

As shown above, Alexander's claims based on race, age, and sex discrimination are without merit and, in fact, they are barely mentioned in Alexander's own pleadings. Indeed, Plaintiff's EEOC Right-to-sue Letter refers only to handicap discrimination, *see* Plaintiff's Response Ex. B, and the word "race" does not even appear in her Complaint. *See* Plaintiff's Response Ex. A. The Court has addressed Alexander's race, age, and sex discrimination claims individually and at length because even though Alexander makes only passing reference to these claims they still constitute allegations of serious wrongdoing.

Following the Fifth Circuit, this Court has held that

"the substance of the pleadings must prevail over their form." In determining the true character of a claim, ... a court must "search for the 'essence' of the claim." A court must "undertake to discern the nature of the relief sought *and focus on the type of relief that will result* from the action".....

*Castella v. Long,* 701 F.Supp. 578, 586 (N.D.Tex.) (footnote and citations omitted) (quoting *Amoco Production Co. v. Hodel,* 815 F.2d 352, 361, 362 (5th Cir.1987)), *aff'd,* 862 F.2d 872 (5th Cir.1988), *cert. denied,* 493 U.S. 936, 110 S.Ct. 330, 107 L.Ed.2d 319 (1989). What clearly is the essence of the dispute between the parties is Alexander's contention that the Postal Service has persistently discriminated against her because of her handicap—her job-induced back injury—and because she has sought redress of her grievances against the Postal Service through the administrative processes available to her. The portion of her Complaint detailing her allegations of discrimination reads as follows:

The U.S. Postal Service Dallas divisional management, persistently and deliberately violate the medical restrictions set forth by my physicians as a result of my on-the-job injury. These medical restrictions are necessary for protection from and prevention of recurrence of reinjury and to provide opportunity for healing of the injury. Because of management's aggressive actions violating my medical restrictions, I suffer with pain from a failed spinal fusion, degenerative narrowing of my facet joints, and arthritis. Dallas postal management, specifically, Mr. John Miller and Mr. Danny Good, Area Managers, Mr. Jim Boyd, Injury Compensation and Safety Manager, Ms. Sandy Carder, CFS Manager, and Mr. James Mitchell, E.E.O. Complaints Manager, have participated in arbitrary discriminatory actions against me because of my on-the-job injury and in retaliation for discriminatory charges which I filed and my overall actions of protest concerning the agancy's [sic] unlawful actions. Dallas divisional management has taken extreme measures to avoid their legal responsibility to comply with my medical restrictions and to accommodate me with a genuine job assignment which sincerely complies with all my medical restrictions. Dallas management has taken actions to rescind my bid job, disallow my bidding rights, and change my status from assigned regular to unassigned regular clerk, on the premise of a

phantom lifting requirement of seventy pounds.

Dallas postal management takes deliberate, illegal actions to coerce, discipline, suspend and remove injured employees. The agency has repeatedly breached E.E.O. resolutions and settlement agreements over the past four years and continue to violate my medical restrictions on an ongoing basis. Because of my outspokenness, I have been subjected to all forms and means of harassment, unjust discipline, and adverse actions.

Plaintiff's Original Complaint at 1–2. The Court finds that Plaintiff's Complaint asserts a cause of action under the Rehabilitation Act of 1973, 29 U.S.C.A. § 701 *et seq.* (1985 & Supp.1991).

Defendant moves for summary judgment on this claim, as well as Plaintiff's other claims, on the ground that there is no justiciable controversy between the parties. Specifically, Defendant contends that this case is moot because the Court cannot award Plaintiff a remedy. The Court agrees and finds that Defendant's present motion should be GRANTED.

■ This Court is bound by the rule that federal courts lack the authority " 'to decide questions that cannot affect the rights of litigants in the case before them.' " *Dallas Gay Alliance, Inc. v. Dallas County Hospital District,* 719 F.Supp. 1380, 1390 (N.D.Tex.1989), *quoting North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). Article III of the Constitution imposes upon the party invoking federal jurisdiction, Alexander in the present case, the duty of showing an actual injury redressable by the Court, which "requires the Court to focus on the nature of the remedy sought." *Id.* at 1384. The importance of this focus on the relief sought is the fact that Article III requires that a suit be dismissed unless it concerns "a real and substantial controversy admitting of specific relief...." *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227,

240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937). The Article III "case or controversy" requirement is not met if Plaintiff's alleged injuries cannot be addressed through court action. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982).

Section 794a(a)(1) of the Rehabilitation Act provides that

[t]he remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16), including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e–5(f) through (k)), shall be available, with respect to any complaint under section 791 of this title, to any employee of applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint.

"Accordingly, successful Rehabilitation Act plaintiffs are entitled to the same remedies as successful Title VII plaintiffs. Title VII plaintiffs may not recover compensatory and punitive damages,[4] but are entitled to reinstatement with or without backpay and other equitable relief." *Lengen v. Department of Transportation,* 903 F.2d 1464, 1468 (11th Cir.1990).

■ In the present case, it is undisputed that Alexander was paid for the time she actually worked at the Postal Service. It is also undisputed that she has received injury compensation for the time she missed as the result of her on-the-job injury. As a Postal Service employee injured on the job, Alexander is subject to and enjoys the remedies provided by the Federal Employees' Compensation Act ("FECA"). FECA is a comprehensive scheme specifically designed to provide the exclusive and preemptive remedies for all work-related injuries for those employees it covers. *See Avasthi v. United States,* 608 F.2d 1059, 1060 (5th Cir.1979) (stating that

---

**4.** Because Alexander cannot recover compensatory or punitive damages, her claim for $10,000,000 must fail. Plaintiff asserts that she "anticipated future legislation awarding recovery of compensatory and punitive damages", Plaintiff's Response at 8, but the Court cannot award damages based on speculation about possible future legislation.

the "remedy provided by FECA ... is exclusive of any other remedy"). Although Alexander argues that she should be entitled to the difference between her actual disability compensation (75% of her regular salary) and what she would receive were she now working, the law forbids the Court from awarding such a remedy because the FECA provides that an employee may receive no other remuneration from the United States while she receives workers' compensation. *See* 5 U.S.C. § 8116(a) ("While an employee is receiving compensation under this subchapter ... [she] may not receive salary, pay, or remuneration of any type from the United States, except ... in return for service actually performed.") Accordingly, to award Alexander the remedy she seeks in this case would "irreconcilably conflict with the federal workers' compensation statutory scheme established by the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.*" *Black v. Frank*, 730 F.Supp. 1087, 1090 (S.D.Ala. 1990) (citing *Reep v. United States*, 557 F.2d 204, 207 (9th Cir.1977)). Furthermore, back pay is available only to those who are willing and able to return to work. *See Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 401 (3d Cir.1976), *cert. denied*, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977); *see also Floca v. Homcare Health Services, Inc.*, 845 F.2d 108, 112–13 (5th Cir.1988) (quoting and agreeing with the reasoning of *Miller v. Marsh*, 766 F.2d 490, 492 (11th Cir.1985) in holding that because claimant was not "ready, willing, and available for employment" she was not entitled to Title VII damages).

■ The short of the matter is that the OWCP benefits Alexander has been receiving for several years constitute the Government's exclusive liability to her. Alexander is entitled to no additional compensation for which she has been, and continues to be, paid OWCP benefits. Accordingly, her claim for additional back pay and compensatory damages must fail because the Court is not allowed to award damages in excess of those provided by law.

■ Alexander's request for reinstatement must also be denied because the OWCP has determined that she is totally disabled and unable to perform any work. The OWCP determination that Alexander is fully disabled is not subject to judicial review. *See* 5 U.S.C. § 8128. Accordingly, Alexander's request for reinstatement to her former position must be denied. Furthermore, the case law under the Rehabilitation act clearly shows that the Postal Service is not required to create a new position for Alexander or to accommodate her by eliminating essential aspects of her former position. *See Black v. Frank*, 730 F.Supp. at 1091 (finding that " 'reassignment' is not required under the Rehabilitation Act and that an employee is properly fired if he cannot perform the essential functions of his given position"); *Wimbley v. Bolger*, 642 F.Supp. 481, 486 (W.D.Tenn. 1986) (holding that "a federal agency is under no obligation to transfer a handicapped employee from the job for which he is employed to some other position in order to provide him with work which he can perform"), *aff'd*, 831 F.2d 298 (6th Cir. 1987); *Carty v. Carlin*, 623 F.Supp. 1181, 1188 (D.Md.1985) (stating that "the duty to reasonably accommodate only contemplates accommodation of a qualified handicapped employee's present position"); *Alderson v. Postmaster General of the United States*, 598 F.Supp. 49, 55 (W.D.Okla.1984) ("The regulation clearly refers to making the particular job, not another job for which the handicapped person was not hired, accessible to handicapped persons."); *Jasany v. United States Postal Service*, 33 F.E.P. Cases 1115, 1117, 1983 WL 30329 (N.D.Ohio 1983) (stating that "[t]he requirement of accommodation refers to adjustment within the job for which the handicapped employee was hired"), *aff'd*, 755 F.2d 1244, 1250 (6th Cir.1985). Accordingly, Plaintiff's request for declaratory and injunctive relief compelling Defendant to provide Plaintiff with a new job accommodating her medical restrictions is without legal foundation and must be denied.[5]

The short of the matter is that Alexander seeks relief that the Court has no authority

---

5. The Court does note, however, that the Postal Service agrees that if Alexander does return to

work for the Postal Service in the future it will have an obligation to provide her with work

to give; as a result, there is no justiciable controversy before the Court as to any of her claims. Accordingly, Defendant's motion for summary judgment as to all of Plaintiff's claims should be, and it hereby is, GRANTED.

## VII. FEDERAL EMPLOYEES' COMPENSATION ACT CLAIM.

Finally, Plaintiff has alleged violations of the Federal Employees' Compensation Act. The Court has no jurisdiction over claims for injury compensation under FECA and the decisions of the Secretary of Labor are not subject to judicial review. *See Lockheed Aircraft v. United States,* 460 U.S. 190, 193–94, 103 S.Ct. 1033, 1036–37, 74 L.Ed.2d 911 (1983); *Grijalva v. United States,* 781 F.2d 472, 474 (5th Cir.), *cert. denied,* 479 U.S. 822, 107 S.Ct. 89, 93 L.Ed.2d 42 (1986).

## VIII. CONCLUSION.

For the reasons stated above, Defendant's motion for summary judgment is GRANTED and Plaintiff's cause of action is hereby DISMISSED.

SO ORDERED.

within her physical limitations. *See* Defendant's Memorandum in Support of Motion at

