Dee STUBLER, Plaintiff,

v.

Marvin T. RUNYON, Postmaster General,
United States Postal Service,
Defendant.

No. 93–0533–CV–W–1.

United States District Court,
W.D. Missouri,
Western Division.

Nov. 14, 1994.

Jerry Kenter, Kansas City, MO, for plaintiff.

Thomas Larsen, Asst. U.S. Atty., Kansas City, MO, John Cozad, Morrison & Hecker, Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF ALL THE EVIDENCE

WHIPPLE, District Judge.

Defendant filed a motion for judgment as a matter of law at the close of Plaintiff's evidence. The Court took the motion under advisement. Defendant renewed his motion for judgment as a matter of law at the close of all the evidence. As provided by Federal Rule of Civil Procedure 50(b), the case was submitted to the jury subject to a later determination of the legal questions raised in the motion. The Court heard further argument on the motion from the parties while the jury deliberated.[1]

■ Judgment as a matter of law is appropriate when all of the evidence points one way and is susceptible of no reasonable inference sustaining the position of the nonmoving party. *White v. Pence,* 961 F.2d 776, 779

(8th Cir.1992). The Court carefully considered Defendant's motion and argument by the parties. Immediately after the jury returned a verdict in favor of Plaintiff, the Court issued a ruling from the bench setting aside the jury's verdict as a matter of law and granting Defendant's motion.

## I. Inapplicability of the Rehabilitation Act

■ The Rehabilitation Act is not applicable to the present case. Although Plaintiff claims the provisions of the Act that protect handicapped individuals apply, she in fact seeks recovery for the same physical condition for which she has received compensation under the Federal Employees' Compensation Act ("FECA"). 5 U.S.C. § 8101–8193. The workers' compensation benefits Plaintiff has received and continues to receive are the exclusive remedy available to Plaintiff. 5 U.S.C. § 8116(c). Moreover, determinations by the Department of Labor under FECA are not subject to judicial review by courts. *See* 5 U.S.C. § 8128(b)(2).

The Postal Service was obligated to find work for Plaintiff within her medical work restrictions, during her rehabilitation from carpal tunnel surgery. Pursuant to a finding by the Department of Labor's Office of Workers' Compensation Programs, the Postal Service was required to treat Plaintiff as having been injured on the job and thus, entitled to limited duty. It would be an abuse of the purpose and meaning of both FECA and the Rehabilitation Act to allow an employee to claim FECA benefits, including prolonged assignments to limited duty, on the basis of an "injury," and then later claim that the "injury" was in fact a "handicap" under the Rehabilitation Act. This is not to say, however, that an employee injured on duty never can be "handicapped" as a consequence of the injury.

Plaintiff has cited *Miller v. Bolger,* 802 F.2d 660 (3d Cir.1986), for the proposition that recovery under FECA is not a bar to further recovery for acts of discrimination

---

1. The factual background of this case was summarized in the Court's Order of September 16, 1994, and will not be repeated here.

under the Rehabilitation Act. However, the *Miller* case is clearly distinguishable from the case at bar. In *Miller*, the plaintiff alleged discrimination in the form of retaliation for having testified on behalf of a fellow employee, and further alleged that his on-the-job injuries were the result of the retaliation. The Postal Service's contention that FECA recovery for the injuries barred recovery for the retaliation was rejected. However, proving "handicap," or even on-the-job injury, was not an essential element of the plaintiff's Title VII discrimination claim in the *Miller* case. Conversely, in this case, Plaintiff claims that she was discriminated against solely by reason of the *same* on-the-job injuries for which she filed claims for FECA benefits.

The present case is analogous to *Alexander v. Frank*, 777 F.Supp. 516, 523–24 (N.D.Tex.1991), and *Black v. Frank*, 730 F.Supp. 1087, 1090–91 (S.D.Ala.1990). In those cases the respective courts determined that recovery under FECA is the exclusive remedy for an on-the-job injury and is a bar to an action concerning the *same* injury under the Rehabilitation Act. It is important not to confuse these cases with the *Miller* line of cases, in which the plaintiff generally claims his or her injury *followed* some form of unlawful discrimination. Consequently, in cases such as *Miller*, FECA is not the sole remedy because the injuries at stake are the result of prohibited discrimination. However, in this case Plaintiff's injury did not result from an act of discrimination by the Postal Service and thus, the Rehabilitation Act is inapplicable.[2]

## II. Insufficiency of the Evidence

### A. No Evidence of Handicap

■ As an alternative basis for the Court's ruling, there is no evidentiary basis for a finding that Plaintiff was handicapped within the meaning of the Rehabilitation Act at the time of the alleged discrimination. *Oesterling v. Walters*, 760 F.2d 859, 861–62 (8th Cir.1985) ("An individual cannot be the victim of handicap discrimination that is actionable

under the Rehabilitation Act unless that individual is handicapped within the meaning of the Act."). The definition of a "handicapped person" as it pertains to this case is one who has a physical impairment which substantially limits "major life activities." 29 U.S.C. § 706(7)(B). *See also Maulding v. Sullivan*, 961 F.2d 694, 698 (8th Cir.1992), *cert. denied*, — U.S. —, 113 S.Ct. 1255, 122 L.Ed.2d 653 (1993); *Oesterling*, 760 F.2d at 861.

At trial Plaintiff alleged that she was limited in her ability to perform certain manual tasks and to care for herself and for her child. Although the definition of "major life activities" includes such functions as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working, 29 C.F.R. § 1613.702(c), there is no evidentiary basis to find that Plaintiff's ability to care for herself or for her child was substantially limited. For example, Plaintiff testified that many tasks that are difficult for her to accomplish with her right hand she does with her left hand.

The two discriminatory acts alleged by Plaintiff were a temporary change in Plaintiff's reporting time and a two-day assignment to sweep the floor. Both of those events occurred in March of 1993. Plaintiff produced no evidence that, in March 1993, she suffered from a substantial, permanent physical impairment so significant that it substantially limited any major life activity, including that of caring for herself.

### B. Postal Service was Unaware of any Handicap

■ Assuming arguendo that Plaintiff could show she was handicapped, there is no evidence that the Postal Service was put on notice that she was permanently handicapped at the time of the alleged discrimination, or at any time. An employer must have knowledge of a handicap for liability to attach

---

**2.** This holding is contrary to the position this Court took in the Order dated September 16, 1994, denying Defendant's motion for summary judgment. However, the Court finds that such a reversal is justified and necessary upon reconsideration of the issue and in light of additional arguments presented at trial.

under the Rehabilitation Act.[3]

From 1992 until after this suit was filed in June 1993, Dr. Katta, Plaintiff's treating physician, persistently and consistently advised the Postal Service by means of written work restrictions that Plaintiff's condition resulting from prior injuries required limited duty assignments for an additional ninety days. Neither Dr. Katta nor Plaintiff advised the Postal Service that the restrictions were permanent or that Plaintiff had a permanent handicap. It was not until October 28, 1993, several months after Plaintiff filed this action, that Plaintiff was evaluated by Dr. Hopkins, whose testimony was offered as evidence that Plaintiff sustained a "permanent partial impairment" of her upper extremities. There was no evidence that the Postal Service was made aware of Dr. Hopkins' findings at any time after his examination except through this lawsuit. In short, no evidence showed that the Postal Service knew of any handicapping condition, assuming that one in fact existed.

### C. Plaintiff is not a "Qualified Individual with a Handicap"

There is insufficient evidence to sustain a finding that Plaintiff was a "qualified" or "otherwise qualified" handicapped individual at the time of the alleged discrimination in March 1993. The anti-discrimination provisions of the Rehabilitation Act apply only to a "qualified individual with a handicap."[4] 29 U.S.C. § 794; 42 U.S.C. §§ 12111(8) and 12111(9). A qualified individual with a handicap must be able to perform, with or without accommodation, the essential functions of the employment position the individual holds. *See, e.g., Gardner v. Morris,* 752 F.2d 1271, 1280–84 (8th Cir. 1985); *Carty v. Carlin,* 623 F.Supp. 1181,

1188 (D.Md.1985) (plaintiff who could not perform his duties as a laborer/custodian was not "otherwise qualified"); *Montgomery v. Frank,* 796 F.Supp. 1062, 1068–69 (E.D.Mich. 1992) (mail carrier who could not carry out job duties was not "otherwise qualified").

In this case, Plaintiff holds the position of distribution clerk. An essential function of a distribution clerk is casing mail. Plaintiff was restricted from casing mail because of her injury-related work restrictions, including the period from her return to work in December 1992 through the time this lawsuit was filed. There is no basis for finding that Plaintiff was willing and able to perform the essential functions of her job as distribution clerk with or without an accommodation during the time period of the alleged discrimination. Plaintiff testified that she was unable, because of her injuries, to case mail during the time period in question, and no evidence was introduced that any type of an "accommodation" would have enabled her to perform the essential functions of her job as distribution clerk. It would be absurd to find that Defendant discriminated against Plaintiff by failing to force her to perform a job she refused to do and was temporarily restricted from doing while she was under medical work restrictions after her injury.

### III. Conclusion

In summary, Plaintiff's claim fails because (1) it is barred by FECA, her exclusive remedy, (2) there is no evidence that Plaintiff was handicapped, or that the Postal Service knew she was handicapped at the relevant time, and there is no evidence that Plaintiff was a qualified individual with a handicap. It is therefore

---

**3.** 29 C.F.R. § 1614.203(c)(1) states:

An agency shall make reasonable accommodation to the *known* physical or mental limitations of an applicant or employee who is a qualified individual with handicaps unless the agency can demonstrate that the accommodation would impose an undue hardship on the operations of its program. (emphasis added).

29 U.S.C. § 794 provides that:

No otherwise qualified individual with a disability ... shall, *solely by reason of her or his*

*disability,* be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity ... conducted by any Executive agency or by the United States Postal Service. (emphasis added).

**4.** The language of the Rehabilitation Act was changed with the passage of the Civil Rights Act of 1991 to read "individual with a disability." The two terms, however, are defined identically. *See* 29 U.S.C. § 706(8).

ORDERED that Defendant's Renewed Motion for Judgment as a Matter of Law at the Close of All the Evidence is GRANTED.