# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1580

_____

| | |
|---|---|
| Marjorie A. Meester, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States District |
| v. | * Court for the District of North Dakota. |
| | * |
| Marvin T. Runyon, Postmaster General, | * |
| United States Postal Service, | * |
| | * |
| Appellee. | * |
| | * |

_____

Submitted: March 12, 1998
Filed: July 16, 1998

_____

Before BEAM and HEANEY, Circuit Judges, and KOPF[1], District Judge.

_____

BEAM, Circuit Judge.

After an adverse jury verdict on her Rehabilitation Act claim, Marjorie A. Meester appeals, claiming the district court[2] erred in, among other things, granting her employer's motion for partial summary judgment before trial. We affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable Karen K. Klein, United States Magistrate Judge for the District of North Dakota, presiding by consent of the parties. See 28 U.S.C. § 636(c).

## I.    BACKGROUND

Meester, a long-term employee of the United States Postal Service, developed work-related chronic tendinitis. This condition eventually developed into carpal tunnel syndrome, requiring surgery. Meester filed workers' compensation claims for these injuries under the Federal Employees' Compensation Act (FECA). See 5 U.S.C. §§ 8101-8193. The Department of Labor, which administers FECA, see 5 U.S.C. § 8145, awarded Meester benefits under the Act.

In addition to providing certain compensatory benefits, FECA requires federal employers to allow injured employees to return to their old positions or, if they can no longer perform their original duties, to offer them reasonable alternative positions. See 5 U.S.C. § 8151(b); 20 C.F.R. § 10.123(d). Meester suffered from a partial permanent impairment affecting twenty-five percent of her upper extremities, and could not perform her old job. The Postal Service therefore offered to create several different limited duty positions for Meester, all of which she rejected as beyond her limitations. Meester's doctor eventually approved one of the proposed positions which provided two non-consecutive days off per week. The doctor informed the Postal Service that it would be "helpful" if Meester could have two consecutive days off. The Postal Service responded that because Mondays and Saturdays are its busiest days, it could not grant this request. Of the more than seventy employees who work at the same post office as Meester, only five routinely have Saturday and Sunday off. After reviewing the proposed position, Meester's medical records, and her doctor's recommendations, the Department of Labor concluded that the proposed position was fully consistent with Meester's physical limitations. It therefore directed Meester to accept the position or lose her FECA benefits. Meester returned to work, but continued to maintain that the job was not sufficiently accommodating of her injuries. She asserted that the position was inappropriate because it did not provide two consecutive days off or sufficient rest time.

Meester eventually filed suit claiming that the Postal Service had violated the Rehabilitation Act, 29 U.S.C. § 794(a), by (1) treating her unfavorably because of her disabled status; (2) failing to adequately accommodate her disability; and (3) harassing and retaliating against her. The Postal Service moved for summary judgment. The district court initially denied the motion, but upon reconsideration granted summary judgment to the Postal Service on the accommodation claim. The court reasoned that because Meester had received this position as part of her FECA claim, her only remedy as to disputes about the nature of the job was under FECA. The disparate treatment and retaliation claims proceeded to trial. After Meester had presented her case-in-chief, the district court granted the Postal Service judgment as a matter of law on the retaliation claims. The disparate treatment claim was submitted to the jury, which returned a verdict for the Postal Service. Meester appeals.

## II.    DISCUSSION

Meester argues that the district court erred in granting the Postal Service summary judgment on her failure to accommodate claim. We review a district court's grant of summary judgment de novo. See Lang v. Star Herald, 107 F.3d 1308, 1311 (8th Cir.), cert. denied, 118 S. Court. 114 (1997). Summary judgment is proper if, taking all facts and reasonable inferences from those facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Id.; see also Fed. R. Civ. P. 56(c).

FECA is the exclusive remedy for workplace injuries suffered by federal employees. See 5 U.S.C. § 8116(c). Several courts have held, however, that this workers' compensation statute does not bar federal employees from suing their employers under the anti-discrimination laws. See, e.g., Miller v. Bolger, 802 F.2d 660 (3d Cir. 1986) (Title VII claim not barred by FECA); Callanan v. Runyun, 903 F. Supp. 1285, 1296 (D. Minn. 1994) (Postal Service employee not precluded by FECA from suing under Title VII), aff'd on other grounds, 75 F.3d 1293 (8th Cir. 1996). Meester

asserts that the district court departed from this line of cases and held that FECA precludes federal employees from suing under the Rehabilitation Act. Meester mischaracterizes the district court's ruling. The court did not hold that all discrimination claims are barred under FECA; indeed, it allowed her disparate treatment and retaliation claims to proceed to trial. Rather, the district court held that Meester's unique failure to accommodate claim was barred by FECA. We are convinced that this ruling was correct.[3]

Meester is not claiming that she could perform her old job with reasonable accommodation. Instead, she seeks accommodations in performing the alternative position she was awarded under FECA. The Department of Labor is charged with determining whether an alternative position offered under FECA constitutes "suitable work." 5 U.S.C. § 8106(c). The Department, acting pursuant to that authority, reviewed the alternative position proposed by the Postal Service and concluded it was within Meester's abilities. Meester is essentially asking us to hold that the Department of Labor was wrong in directing her to accept this position. Such a holding would contravene FECA's prohibition against judicial review of compensation decisions. See 5 U.S.C. § 8128; Brumley v. United States Dep't of Labor, 28 F.3d 746, 747 (8th Cir. 1994) (holding that Congress intended to bar judicial review of FECA decisions altogether). We will not allow Meester to use the Rehabilitation Act to circumvent Congress's intent. If Meester's current position is not "suitable work," her remedy is in an appeal of the Department's decision under the statute. See 5 U.S.C. § 8124.

Thus, we hold that a frustrated FECA claimant cannot secure judicial review of a FECA compensation decision by claiming that the Rehabilitation Act entitles her to accommodation in performing an alternative position approved by the Department of

---

[3]The dissent either misconstrues or misunderstands the limited breadth and depth of both the district court's opinion and today's holding. Therefore, it is virtually impossible to respond concisely and with precision. Lacking the common ground necessary to formulate a focused discussion, we do not attempt a reply.

Labor when the claim is predicated upon the same illness or injury that gave rise to the Department of Labor's initial decision. Our decision is consistent with the opinions of other courts that have been confronted with this type of claim. See, e.g., Stubler v. Runyon, 892 F. Supp. 228, 229-30 (W.D. Mo. 1994), aff'd, 56 F.3d 69 (8th Cir. 1995) (unpublished table decision); Alexander v. Frank, 777 F. Supp. 516, 523-24 (N.D. Tex. 1991); see also Reidy v. Runyon, 971 F. Supp. 760, 771 (E.D.N.Y. 1997) (distinguishing Stubler on ground that Reidy's disability discrimination claim was not strictly related to his original injury).

Meester also claims that the district court's grant of judgment as a matter of law to the Postal Service on her retaliation claims was error. We have painstakingly reviewed Meester's arguments, the trial transcripts, and the district court's ruling, and are convinced that the district court did not err.

Finally, Meester alleges numerous errors regarding her disparate treatment claim, from the district court's denial of leave for Meester to amend her complaint to its denial of her post-trial motion for judgment as a matter of law. We have carefully reviewed each of Meester's arguments and find them to be without merit.

## III. CONCLUSION

For the foregoing reasons, the decision of the district court is affirmed.

HEANEY, Circuit Judge, dissenting.

From this day forward, employees receiving FECA benefits for work-related injuries are no longer entitled to full protection under the Rehabilitation Act. I disagree with the majority's conclusion that employers may engage in otherwise prohibited discrimination against employees receiving FECA benefits because nothing in FECA

nor the Rehabilitation Act supports the majority's position that FECA's exclusivity provision bars suit under the Rehabilitation Act. Accordingly, I dissent.

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be . . . subjected to discrimination . . . by the United States Postal Service." 29 U.S.C. § 794(a). A "[q]ualified individual with a" disability is one "who, with or without reasonable accommodation, can perform the essential functions of the [employment] position in question." 29 C.F.R. § 1614.203(a)(6).

Prohibited discrimination under the Rehabilitation Act includes an employer's failure to make "reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability who is an . . . employee, unless such [employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business." 42 U.S.C. § 12112(5)(A).[4] A "'reasonable accommodation' may include--(A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, . . ., and other similar accommodations for individuals with disabilities." Id. § 12111(9)(B).

The Rehabilitation Act prohibits discrimination, which includes an employer's refusal reasonably to accommodate an employee's disability. Rather than barring accommodation claims under the Rehabilitation Act, FECA compensates employees for work-related injuries and indemnifies the United States against actions in tort for those injuries. For example, in Callanan v. Runyun, 903 F. Supp. 1285 (D. Minn. 1994), aff'd 75 F.3d 1293 (8th Cir. 1996), a Postal Service employee sued the

_____

[4]Whether a violation of the Rehabilitation Act has occurred is determined by using the same standards as are applied for an Americans with Disabilities Act (ADA) claim, 42 U.S.C. §§ 12111-12117, 12201-12204, and 12210. See 29 U.S.C. §§ 791(g), 794(d).

Postmaster under Title VII for sexual harassment, discrimination, and retaliation. Even though Title VII discrimination claims generally involve distinct factual scenarios than those presented in Rehabilitation Act claims, the conclusion that FECA does not preclude recovery under Title VII specifically, and the anti-discrimination statutes generally, is equally applicable to the Rehabilitation Act. In Callanan, the district court held that the receipt of FECA benefits did not bar recovery for discrimination. Id. at 1296. In reaching its conclusion, the district court cited several federal decisions for support. Id.; see, e.g., Miller v. Bolger, 802 F.2d 660, 663, 664 (3d Cir. 1986) ("FECA was intended only to be a substitute for suits against the United States for tortious injury" and nowhere in legislative history "is there any mention of FECA recovery as precluding actions for discrimination"); Eckley v. Bentsen, 1994 WL 114646 at *7 (D.D.C. 1994) (FECA and Title VII each create "separate remedies for distinct types of injuries"); Nichols v. Frank, 771 F. Supp. 1075, 1079 (D. Or. 1991) (FECA does not bar recovery under Title VII where there is no double recovery); Gergick v. Austin, 764 F. Supp. 580, 581 (W.D. Mo. 1991) (FECA is exclusive remedy for work-related personal injuries and is not a bar to recovery for injuries due to discrimination); Johnson v. Sullivan, 764 F. Supp. 1053, 1063 (D. Md. 1991) (Title VII and Rehabilitation Act claims are not barred by receipt of FECA benefits); George v. Frank, 761 F. Supp. 256, 259 (S.D.N.Y. 1991) ("FECA coverage, which is most commonly associated with work-related accidents and diseases, clearly fails to preclude [plaintiff's] request to pursue her discrimination claim under the umbrella of equitable remedies available under Title VII") (emphasis in original); Sullivan v. United States, 428 F. Supp. 79, 81 (E.D. Wis. 1977) (Compensable injuries covered by FECA includes injury by accident and disease, not claims for discrimination or mental distress); see also Nichols v. Frank, 42 F.3d 503, 515 (9th Cir. 1994) ("FECA's exclusivity provisions apply only to additional payments for work-related injuries"); Reidy v. Runyon, 971 F. Supp. 760, 769-71 (E.D.N.Y. 1997) (receipt of FECA benefits does not preclude recovery under the Rehabilitation Act because statutes not mutually exclusive); Taylor v. Secretary of Navy, 852 F. Supp. 343, 351-53 (E.D. Pa.

1994) (FECA benefits do not preclude recovery under Rehabilitation Act), aff'd, Taylor v. Dalton, 61 F.3d 896 (3d Cir. 1995) (unpublished table decision).

The majority fails to account for the fact that FECA and the Rehabilitation Act provide significantly different remedies. Instead, it clings to a mechanical application of FECA's exclusivity provision and erroneously concludes that it bars suit under the Rehabilitation Act. Under FECA, a claimant is entitled to recover lost wages and medical costs incurred as a result of on-the-job injuries. See Miller v. Bolger, 802 F.2d at 662 (citing 5 U.S.C. §§ 8102(a), 8103(a), 8105, 8106). Thus, much like private worker's compensation statutes, FECA was designed to compensate employees for work-related injuries and to indemnify their employers against actions in tort for those injuries. The Rehabilitation Act, however, concerns itself with employment discrimination and provides a claimant with back pay, front pay, attorney's fees, injunctive relief, compensatory damages, and reinstatement.[5] See 42 U.S.C. §§ 2000e-16(a)-(e); 2000e-5(f)-5(k); and 1981a(a)(1)-(a)(d). It is evident from the different remedial schemes that FECA is ill-equipped to make whole employees who suffer discrimination.

In addition to the difference in remedial schemes, the conclusion that FECA, rather than acting as a bar to recovery under the Rehabilitation Act, simply

---

[5]The Miller court was confronted with the argument that the receipt of FECA benefits precluded relief under Title VII. See Miller, 802 F.2d at 663. The Miller court was persuaded by the significantly different remedies provided by FECA and the Rehabilitation Act. It reasoned that if FECA were the exclusive remedy for an employer's discrimination against an employee who received FECA benefits, plaintiffs could not be made whole. Id. at 665-66. Even though the Miller court recognized that FECA and an employment anti-discrimination statute like Title VII have the possibility of "overlapping" because both statutes apply in the employment context, it noted that there was no fear of double recovery. Id. at 666 n.5 (citing 5 U.S.C. §§ 8183, 8132; 42 U.S.C. § 2000e-5(g)). Similarly, there is no fear of double recovery in this case. Even if there were, the district court is fully capable of fashioning appropriate relief.

compensates employees for work-related injuries and indemnifies the United States against actions in tort is further bolstered by FECA's legislative history:

Workmen's compensation laws, in general, specify that the remedy therein provided shall be the exclusive remedy. <u>The basic theory supporting all workmen's compensation legislation is that the remedy afforded is a substitute for the employee's (or dependent's) former remedy at law for damages against the employer.</u> With the creation of corporate instrumentalities of Government and with the enactment of various statutes authorizing suits against the United States for tort, new problems have arisen. Such statutes as the Suits in Admiralty Act, the Public Vessels Act, the Federal Tort Claims Act and the like, authorize in general terms the bringing of civil actions for damages against the United States. The inadequacy of the benefits under the Employees' Compensation Act has tended to cause federal employees to seek relief under these general statutes. Similarly, corporate instrumentalities created by the Congress among their powers are authorized to sue and be sued, and this, in turn, has resulted in filing of suits by employees against such instrumentalities based upon accidents in employment.

This situation has been of considerable concern to all Government Agencies and especially to the corporate instrumentalities. Since the proposed remedy would afford employees and their dependents a planned and substantial protection, to permit other remedies by civil action or suits would not only be unnecessary, but would in general be uneconomical, from the standpoint of both the beneficiaries and the Government.

. . . .

> The saving to the Government by the elimination of costly and needless claims and litigation under the Federal Tort Claims Act, Suits in Admiralty Act, Public Vessels Act, and the like, which presently weigh heavily upon the Government and involve considerable expense to defend will be eliminated, offsetting in substantial part the increased cost in compensation benefits.

S. Rep. No. 81-836, 81st Cong., 1st Sess., reprinted in 1949 U.S.C.C.A.N. 2136, 2143 (emphasis added).

The legislative history indicates that FECA was intended to compensate employees who suffer work-related injuries and immunize employers from actions in tort for those same injuries similar to private workers' compensation statutes. A private employer's compliance with its workers' compensation obligations does not immunize it from Rehabilitation Act liability. Similarly, FECA's exclusivity provision must be read as foreclosing an employee who elects to receive FECA benefits from also bringing an action against her employer under the Federal Tort Claims Act, Suits in Admiralty Act, Public Vessels Act, etc. Congress has not amended FECA to state otherwise, nor has it limited Rehabilitation Act claims in the manner suggested by the majority.

According to the majority, if Meester seeks reasonable accommodations for her modified-duty position, her sole recourse is to apply to the Department of Labor (Department) for a re-evaluation of her FECA benefits. I disagree. While it is possible that Meester could pursue a modification to her duties under FECA, that option is singularly unattractive.[6] If Meester applied to the Department for a modification to her

---

[6]Had there been a trial in this case, it may have been that the accommodations Meester requests are unreasonable or constitute an undue burden to the Postal Service. Given the posture of this case, however, the reasonableness of Meester's requested accommodations is irrelevant.

duties, I envision at least two scenarios. First, the Department could determine that Meester's current position is consistent with her medical condition. Meester could not appeal this determination. She would then be forced to continue in her present position or the Department could terminate her benefits--leaving her jobless. Second, the Department could determine that Meester is no longer able to work in her present capacity and is entitled to FECA benefits. At that point, the Postal Service could determine that rather than pay these benefits, it would further modify her position. Notably, the Postal Service would have sole discretion in determining the modifications it would offer. Also, the Department would lack the authority to order the Postal Service to make any modifications to her duties. Moreover, if the Postal Service determined that no further modifications could be made, neither the Department nor the courts could review that determination. Because nothing in either statute suggests that the receipt of FECA benefits exempts covered employers from compliance with the Rehabilitation Act, I cannot agree with the majority that this would have been Meester's only recourse.[7]

Having concluded that FECA's exclusivity provision does not bar suit under the Rehabilitation Act, I believe that Rehabilitation Act analysis requires the use of Meester's post-injury position as her "position in question." Meester claims that she has suffered emotional injuries and that her condition has deteriorated as a result of the Postal Service's failure to provide her with proper rest breaks and two consecutive days off. Meester also claims that she has had to take vacation and sick leave to allow her time to recuperate from the fatigue associated with her duties and the Postal Service's

---

[7]I am not persuaded that only accommodation claims, as opposed to other discrimination claims, would be barred by the receipt of FECA benefits. The Rehabilitation Act prohibits discrimination, which it defines, in part, as an employer's refusal to grant a disabled employee reasonable accommodations. Neither FECA nor the Rehabilitation Act suggests that one of the various forms of prohibited discrimination--here, failure to accommodate--can only be redressed under FECA.

failure to grant her requested accommodations.  I assume, as we must on appeal from an adverse grant of summary judgment, that these claims are true.

FECA defines an injury which, for the purposes of this case, is an "injury by accident."  5 U.S.C. § 8101(5).  While FECA does not define disability, it expressly anticipates that injured employees will suffer a disability.  For example, 5 U.S.C. § 8103(a) provides that the United States shall furnish to the employee "the services, appliances, and supplies . . . which the Secretary of Labor considers likely to . . . reduce the degree or the period of disability."  Id. (emphasis added).  Title 5 U.S.C. § 8106 anticipates the fact that an employee will suffer a permanent partial disability such as that suffered by Meester and provides a compensation schedule accordingly.  Id. Finally, the regulations expressly anticipate that a partially disabled employee will return to work and "perform restricted or limited duties."  20 C.F.R. § 10.123(c)(2).

If Meester's pre-injury position were the "position in question" for the purposes of Rehabilitation Act analysis, an employee disabled by a work-related injury could never enjoy Rehabilitation Act protection if she continued to work for the same employer.[8]  FECA, not the Rehabilitation Act, obligates an employer to create a modified-duty position for an injured employee where appropriate.  Certainly, once the Postal Service modified Meester's position, it was not then free to discriminate against

---

[8]In holding that FECA barred Meester's recovery under the Rehabilitation Act, the magistrate principally relied on Stubler v. Runyon, 892 F. Supp. 228 (W.D. Mo. 1994), aff'd, 56 F.3d 69 (8th Cir. 1995) (unpublished table decision).  In Stubler, the district court granted the Postmaster's motion for judgment as a matter of law after a jury had returned its verdict in favor of the plaintiff.  Stubler, 892 F. Supp at 229.  After hearing all of the evidence, the district court held that the plaintiff's Rehabilitation Act claim was barred by the receipt of FECA benefits.  Id.  Even if Stubler were controlling in this circuit, it is not applicable to the instant case.  In fact, the district court in Stubler anticipated the present case by including the following language: "This is not to say, however, that an employee injured on duty never can be 'handicapped' as a consequence of the injury."  Id. at 229.

-12-

her.  In this regard, the Postal Service's argument is similar to that made by the Navy in Taylor v. Garrett, III, 820 F. Supp. 933, 936 (E.D. Pa. 1993).

In Taylor, a naval employee was injured and no longer able to perform his pre-injury duties.  Id. at 934.  After receiving FECA benefits and a period of recuperation, the employee returned to work and performed light duties.  Id.  The employee, after being fired, brought a claim under the Rehabilitation Act.  Id.  In response to the Navy's argument that the relevant "position in question" was the pre-injury position, the court stated:

> If one were to accept the Navy's rigid definition of the "position in question," an employer who chose to reassign to light-duty work an employee who had become unable to perform his original job would have an unsettling "carte blanche" power over that employee.  During the course of the handicapped worker's light-duty employment, the employer would be able, without any sanction under the Rehabilitation Act, to harass that worker because of his handicap, fail reasonably to accommodate that worker's disability, or otherwise engage in handicap-based discrimination simply because the employee was not "qualified" for a position that had nothing to do with his current work.

Id. at 939.  Similarly, I fear that the majority's opinion enables employers to harass disabled employees, fail to reasonably accommodate them, or engage in otherwise discriminatory behavior simply because they receive FECA benefits.

The majority misinterprets Meester's alleged injury.  Meester contends that the Postal Service failed reasonably to accommodate her disability.  Simply because her claim is supported by the allegation that her medical condition is deteriorating and that she is suffering from emotional distress because the Postal Service failed to accommodate her, does not convert her claim into an "injury" under FECA.  The statutes are not exclusive, and while there may be some overlap in Meester's ability to receive an accommodation, it is not enough to say that the Postal Service complied with

-13-

its FECA obligations and can now feel free to discriminate against Meester. Quite simply, the Postal Service's compliance with FECA in creating a limited-duty position for an employee who suffered work-related injuries has no bearing on the question of whether the Postal Service must reasonably accommodate the disability of an employee.

Today, the majority eviscerates the Rehabilitation Act by denying its protection to disabled employees--clearly the intended beneficiaries of the act. In attempting to clarify the boundaries of two statutes dealing with reasonable accommodation, the majority exalts FECA, clearly a tort surrogate, to supplant the broad remedial purposes of the Rehabilitation Act. The mischief done today can only be undone by Congress, our court en banc, or the United States Supreme Court. For the reasons discussed above, I dissent.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-14-